[Civ. No. 17460.   Second Dist., Div. Three.   Feb. 17, 1950.]

SALES AFFILIATES, INC. (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Reed & Kirtland for Petitioner.

Harold W. Kennedy, County Counsel, and Wm. E. Lamoreaux, Deputy County Counsel, for Respondent.

SHINN, P. J.—Sales Affiliates, Inc., a New York corporation, petitions for a writ commanding the cessation of proceedings against it in an action for damages in which petitioner and certain others were named as defendants.   Plaintiffs in the action, Cheryle and George Gorciak, claim to have sustained personal injuries from the use of a preparation distributed and sold by petitioner and used in giving permanent waves.   Process was served upon the Secretary of State and a copy was delivered to petitioner at its New York office.   Petitioner appeared specially and made a motion to quash service of

summons upon the ground it was not, and had not been, doing business in the State of California, and that the attempted service was therefore a nullity. The motion was denied.

It is represented by the petition and supporting affidavits that petitioner purchases beauty products and sells the same to beauty supply jobbers and chain and department stores throughout the United States, one of its jobbers being Biltmore Beauty Supply Company, one of defendants in the damage action; that Biltmore Company sends order for goods to petitioner in New York which are accepted there, following which the products are shipped to Biltmore Company in California from petitioner's warehouse in Waterloo, New York; that the goods are paid for in New York. It is alleged that Cheryle Gorciak entered into a written agreement under which she was licensed to use certain of petitioner's patented methods of putting permanent waves in human hair. The licensee paid $5.00 upon signing the agreement, and agreed to pay $5.00 per year to keep the license in force, and not to charge customers less than the prices stipulated by petitioner. The agreement was signed by Mrs. Gorciak, doing business as Cheryle's Beauty Shop, by Biltmore Beauty Supply ("Zotos, jobber"), by Al Bronson ("Zotos jobber salesman"), and was sent to New York, where it was signed by petitioner's secretary, and a copy returned to Mrs. Gorciak. It is alleged that petitioner's jobber at Los Angeles, Biltmore Beauty Supply Company, is not its agent, but instead is a customer; that petitioner has one representative for 11 of the western states who solicits orders for merchandise from jobbers and wholesalers but not from retail purchasers, forwards the orders to petitioner in New York State, whence the goods are shipped to the customers. It is alleged that petitioner has never qualified to do business in the State of California, has no officer or agent here for the purpose of accepting service of process, or any other purpose, except its said sales representative, keeps no stock of goods in California, and that all accounts are paid through its New York office. The Biltmore Company, through its salesman, Al Bronson, procured Mrs. Gorciak as a customer and furnished her with the agreement above mentioned.

Our decision as to whether petitioner was shown to have been doing business in California is simplified by the absence of conflict in the evidence as to the material facts. In the comparatively recent cases of *Thew Shovel Co.* v. *Superior Court*, 35 Cal.App.2d 183 [95 P.2d 149], and *West Publishing*

*Co.* v. *Superior Court*, 20 Cal.2d 720 [128 P.2d 777], there will be found a full discussion of the factors which determine whether a foreign corporation is doing business in the state, as well as a consideration of leading federal and state cases. There is no need for us to indulge in a repetitious analysis of the authorities. Every factual situation where the question arises calls for a comparison of the business advantages derived from the methods employed by the corporation, with those it would enjoy if it conducted its business through its own offices or paid agents in the state. ■ If the representation which petitioner maintained in the state gave it in a practical sense, and to a substantial degree, the benefits and advantages it would have enjoyed by operating through its own office or paid sales force, it was clearly doing business in the state so as to be amenable to civil process.

■ Our inquiry is whether petitioner's plan of transacting business through its jobbers gave it opportunities for regular contact with its customers and a channel for a continuous flow of business into the state. As already noted, petitioner had one salesman who covered 11 states taking orders from wholesalers and jobbers, but not from retailers. If the activities had ended there we would have an entirely different question. But petitioner's methods went far beyond mere selling at wholesale. It uses a printed form for its licensing agreements. The agreement recites that petitioner is the owner of patents covering certain permanent waving processes, the use of which is licensed to the operator. The latter agrees to charge minimum prices fixed by the licensor, and also agrees not to use any product which infringes any of the licensor's patents, and to pay an annual license fee of $5.00. The form is designed for the signature of petitioner by one of its officers, the signature of the beauty shop operator, the signature of petitioner's jobber and of the jobber's salesman, although the jobber is not a party to the agreement. Prospects for licensing agreements are contacted by the jobber's salesman; the agreements are completed except for the signature of petitioner, and are forwarded to petitioner by the jobber, and it may be inferred that a license fee of $5.00 is forwarded with the agreement, since the first fee is payable when the agreement is signed. Through its jobbers petitioner builds up a clientele of retail consumers for certain of its products, as an integral part of its business. The wholesalers and jobbers are unquestionably independent contractors, and in no sense employees, with respect to the purchase and resale of petitioner's products.

But with respect to the solicitation of operators to enter into licensing agreements with petitioner the jobbers clearly act as agents of petitioner. Moreover, it appears that this branch of petitioner's business is promoted exclusively through the jobbers and that the latter may be contacted as petitioner's agents by operators who wish to become licensees. It must be assumed that the jobbers furnish an adequate and satisfactory medium for the marketing of petitioner's products to a particular class of customers and upon terms and conditions which are advantageous to petitioner. Aside from the license fees collected, the arrangement with the licensees tends to maintain a steady outlet for certain products and it may be inferred that petitioner derives some benefit in the way of protection of its patents through the agreement of its licensees not to use infringing products. Petitioner's methods, so far as the licensing branch of its business is concerned, would appear to give it substantially the same commercial advantages that would be available to it through an office or a force of employees maintained in the state devoted exclusively to this phase of its business. This is a conclusive answer to petitioner's claim that it was not doing business in California. In 35 Cal.App.2d, *supra*, at page 187, the court followed a summation of the factual situation under review with this succinct statement: ''The manufacturer thus received the attention of its duly recognized representative, and such consequent financial gain from the actual sale of its wares and products as if it had conducted an office under its own name in this state.'' When, upon analysis, the facts in evidence clearly lead to this conclusion there is no more to be said. The trial court therefore did not err in holding that petitioner was doing business in the state within the meaning of section 411, Code of Civil Procedure.

The preliminary writ is dissolved and a peremptory writ is denied.

Wood, J., and Vallée, J., concurred.