[Civ. No. 8524.   Third Dist.   Dec. 9, 1953.]

MARTIN BROTHERS ELECTRIC COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF STANISLAUS COUNTY et al., Respondents.

Keith, Creede & Sedgwick for Petitioner.

C. Ray Robinson, Leon Edlefsen and William B. Boone for Respondents.

PAULSEN, J. pro tem.*—Petitioner seeks a writ directing the Superior Court in and for the County of Stanislaus to

*Assigned by Chairman of Judicial Council.

desist from any further proceedings against it in a personal injury action brought against it and others by Peggy Bernice Barnes and to vacate an order denying petitioner's motion to quash the substituted service of summons made on it in said action.

Petitioner is a corporation organized, existing and doing business under the laws of Ohio. It manufactures and sells to wholesalers electric hair dryers, one of which, according to the complaint of Peggy Bernice Barnes, exploded and burned her when she was a customer in a beauty parlor in Oakdale, California. Substituted service of summons was made on it through the secretary of state pursuant to section 411, subdivision 2, of the Code of Civil Procedure, and sections 6500 to 6504 of the Corporations Code. Motion to quash such service was denied and thereafter on petitioner's application this court issued an alternative writ to show cause why further proceedings against petitioner in said action should not be prohibited, and temporarily restraining further action therein.

The complaint alleges that "at all times herein mentioned, the defendant, Martin Brothers Electric Company, was and now is a corporation doing business within the State of California by and through the defendants, Reid and Sibell, Inc., a corporation . . . ;" that Reid and Sibell, Inc. "were and now are dealers and distributors of beauty shop equipment, including electric drying machines manufactured by" petitioner.

Petitioner supported its motion with the affidavit of one of its California attorneys and the affidavit of its vice-president and secretary. Plaintiff relied on her verified complaint and the depositions of a salesman for Reid and Sibell and of Herbert L. Reid, president of that company.

The deposition shows that Reid and Sibell is a California corporation engaged in selling about 1,500 items of merchandise, including dryers manufactured by petitioner; that several other groups sell such machines in this state; that its only place of business is in San Francisco; that it has no written contract with petitioner and purchases the dryers from petitioner in Ohio when it wants them; that petitioner does not control the price for retail sales; that no dryers are shipped on consignment; that Reid and Sibell has its own salesmen and that petitioner has had no salesmen in California for at least two years; that petitioner does no local advertising but does advertise its products in the national

trade journals. It is further stated that when a machine is purchased from petitioner by Reid and Sibell, a factory guaranty against mechanical defects accompanies the dryer and is passed on to the ultimate purchaser; that if repairs are needed they are made by any·independent repair man available. There is no evidence in the record of the terms of the guaranty certificate.

The affidavits offered by petitioner show that·it is an Ohio corporation, and maintains offices and a place of business for the manufacture and sale of electrical products at Cleveland, Ohio; that it maintains no office, warehouse or stock of materials in California; that all persons and business establishments in California handling petitioner's products are independent of and have no financial interests in petitioner; that petitioner owns no interest in these or any other business establishments in California and has no control whatsoever over any such establishment or persons; that all such persons and establishments in California are free at all times to purchase any product or products of any manufacturer, whether .said product or products be competing or noncompeting with products of petitioner; that petitioner ships no merchandise to any business establishment or persons in California on consignment or on any other basis whereby ownership would remain in petitioner; that all prices quoted are prices in effect at the factory in Cleveland and that all shipments to California or anywhere else are made at the factory to agents or carriers specified by the buyers of the merchandise; that petitioner has had no salesmen living in California for at least two years and does no selling, purchasing, manufacturing or other business within California; that petitioner has never designated an agent for service of process in California; that it has no bank accounts therein; and that it has no real or personal property in this state.

Respondents argue that petitioner is doing business in this state through Reid and Sibell and that the evidence is "sufficient to make it just and equitable that it be amenable to process within the state."

It has been held that a foreign corporation may be doing business within the state where products manufactured by the corporation are distributed and sold in the state, even though the distributors are independent. (*Kneeland* v. *Ethicon Suture Laboratories, Inc.*, 118 Cal.App.2d 211 [257 P.2d 727]; *Fielding* v. *Superior Court*, 111 Cal.App.2d 490, 494 [244 P.2d 968]; *Sales Affiliates, Inc.* v. *Superior Court*,

96 Cal.App.2d 134 [214 P.2d 541].) But we have found no case holding that these facts, standing alone, are sufficient to make the foreign corporation amenable to process in this state. In the Kneeland case it was established, among other things, that the corporation was engaged in its own sales promotion work in the state. In the Fielding case the corporation had agreed to insure the distributor against action on behalf of the federal government under the Food, Drug and Cosmetic Act and the corporation set the retail sales prices and required from the distributor a report of stock on hand each month. In the Sales Affiliates case the distributor operated through licensing agreements granted by the corporation and thereby controlled its activities. In every case that has come to our attention there was evidence of activities in addition to sales through a distributor, such as sales promotion work in the state, or the right of the distributor to settle the corporation's accounts.

Not "*any* activity" of a foreign corporation in the state will make it amenable to process and there is no precise test that can be applied in all cases. It "is the combination of local activities conducted by such foreign corporation—their manner, extent and character—which becomes determinative of the jurisdictional question." (*West Pub. Co.* v. *Superior Court,* 20 Cal.2d 720, 728 [128 P.2d 777].) In the language of *Sales Affiliates, Inc.* v. *Superior Court, supra,* it must be shown that the corporation "maintained in the state" a representation which "gave it in a practical sense, and to a substantial degree, the benefits and advantages it would have enjoyed by operating through its own office or paid sales force." The allegation of the complaint that petitioner is doing business in this state through Reid and Sibell is a conclusion of law and there is not sufficient evidence of any single activity or combination of activities to indicate that petitioner enjoys the advantage mentioned.

Respondent relies heavily on the holding in the Fielding case that, "In the final analysis it would seem that this is really not a question of the power of the state, but whether there is afforded to both parties a greater amount of justice by allowing suit in this state rather than requiring it elsewhere. (See 20 C.J.S. 148; *International Shoe Co.* v. *Washington,* 326 U.S. 310 [66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057].)"

Such a statement does not imply that a court may, without supporting evidence, exercise its absolute discretion and

apply its own ideas of justice and equity in the determination of such questions. ■ Where a defendant properly moves to quash service of summons and the evidence presented is conflicting, the burden of proof is on the plaintiff to produce evidence from which the court can determine which course is just and equitable to both parties. (*Briggs* v. *Superior Court*, 81 Cal.App.2d 240 [183 P.2d 758]; *Jameson* v. *Simonds Saw Co.*, 2 Cal.App. 582 [84 P. 289].) The facts adduced at the hearing of the motion in this case are not sufficient to make petitioner amenable to the process of the courts of this state.

The petition is granted. Let the writ issue as prayed.

Van Dyke, P. J., and Schottky, J., concurred.