[Civ. No. 5054. Fourth Dist. Oct. 31, 1955.]

SMITH AND WESSON, INC. (a Corporation), Appellant, v. MUNICIPAL COURT, SANTA ANA, ORANGE JUDICIAL DISTRICT, ORANGE COUNTY, Respondent; ROBERT B. PALMER et al., Real Parties in Interest.

Forgy, Reinhaus, Miller & Kogler for Appellant.

No appearance for Respondent.

R. M. Crookshank for Real Parties in Interest.

GRIFFIN, J.—An action was commenced in the Municipal Court of Orange County by respondents here, Robert B. Palmer and Mary D. Palmer, against appellant Smith and Wesson, Inc., a corporation, et al., for claimed injuries to Mary D. Palmer by the discharge of a loaded pistol claimed to be the result of certain alleged negligence and carelessness of appellant in reference to the manufacture by it and its failure to properly test a certain S & W 38-caliber gun which plaintiffs in that action purchased from a sporting goods shop in Orange County on September 28, 1953.

It was alleged that appellant Smith and Wesson was a Massachusetts corporation and was at all times mentioned and had been doing intrastate business in California but had not complied with the requirements of section 6403 of the Corporations Code; that Walter Lookabaugh, whose place of business was in San Francisco, California, and who is a resident of California, is the sole distributor of firearms furnished by appellant corporation for the State of California, and that goods manufactured by it arrived in the hands of retailers in this state through him as appellant's distributor. The only evidence supporting these allegations is an affidavit of an investigator, employed by plaintiffs in which he stated that on February 18, 1954, he personally contacted Lookabaugh at his residence in Los Angeles and that he stated to affiant that the firm of Smith and Wesson was a foreign corporation with its principal place of business in Springfield, Massachusetts; that the corporation had no corporate officers in California and no one of authority therein; that there was no appointed agent in this state designated for the service of process; and that Lookabaugh told him "he is the sales representative of said corporation and that he has an office situate at 420 Market Street, San Francisco, California."

The municipal court made a finding in conformance with the allegations of the complaint and signed an order that service of process be made upon the corporation under the provisions of sections 6501 and 6502 of the Corporations Code.

Appellant corporation specially appeared in the municipal court and objected to its jurisdiction to entertain said action by moving to quash the service of summons and complaint, and filed an affidavit of Carl Hellstrom, president of the corporation, reciting that it is and was a Massachusetts corporation with its principal place of business in Springfield; that it has not qualified under the law to do business in the State of California; that it has had no place of business there; that it has no employees or salesmen in that state, and that the only business it does in California is the filling of orders which are sent to it in Massachusetts, from which point all orders are filled, and that it has no property and maintains no inventory in that state. Upon the showing made the municipal court denied the motion.

Petitioner and appellant sought a writ of prohibition in the superior court directed against the municipal court restraining it from proceeding in that action against appellant, claiming lack of jurisdiction, inconvenience of witnesses, and that there was no speedy and adequate remedy by appeal. An alternative writ was issued by the superior court. Respondent municipal court and the interested parties answered and submitted the verified complaint and affidavit of the investigator used in the municipal court and denied generally the allegations of appellant's petition, and further alleged that qualified experts in the manufacture of firearms were residing in California as well as in Massachusetts and no inconvenience of witnesses was shown. Upon the showing there made, as indicated, the superior court denied the writ and petitioners appealed from that order. Subsequently, findings were signed and a similar judgment was entered from which petitioners also appealed. By stipulation the two appeals were consolidated and one record presented.

The trial court found generally that it was not true that petitioner was not engaged in intrastate business in this state; and not true that it has no place of business here; that it is true its place of business in California is in San Francisco, and that it markets all of its firearms in California through Lookabaugh, he being the sole distributor in California for such corporation; that all arms manufactured by it that arrive in the hands of retailers in this state are sold through that agency; that he is a sales representative of petitioner in California; that it is true that he "is an independent contractor and handles all of the firearms manufactured by petitioner and sold in the State of California, in his capacity

as an independent contractor and as sales representative of petitioner,'' and that it is true that both plaintiffs in the action and all other witnesses reside in Orange County. It was then concluded that service of summons upon the petitioner corporation was duly and regularly effected by service upon the Secretary of State, as indicated.

It is appellant's contention upon this appeal that respondents here failed to meet the burden cast upon them to show, either as a matter of law or fact, that at the time of the purported service of summons the appellant corporation was doing business within the State of California, citing *Jameson* v. *Simonds Saw Co.*, 2 Cal.App. 582, 586 [84 P. 289]; *West Pub. Co.* v. *Superior Court*, 20 Cal.2d 720 [128 P.2d 777]; and *Martin Bros. Electric Co.* v. *Superior Court*, 121 Cal. App.2d 790 [264 P.2d 183].

It is further contended that since all of the evidence that was produced was that here indicated, only a question of law arose and accordingly the findings of fact, based upon that showing, were but erroneous conclusions of law, citing *Wheeler* v. *Board of Medical Examiners*, 98 Cal.App. 267 [276 P. 1119]; and *San Diego Trust & Sav. Bank* v. *County of San Diego*, 16 Cal.2d 142 [105 P.2d 94, 133 A.L.R. 416]. It is further argued that if findings were in order such findings were not supported by the evidence.

We are, in general, in accord with these contentions. The historical background of this subject is related in *West Pub. Co.* v. *Superior Court, supra*, page 727, where it is pointed out that formerly the theory upon which the courts of a state assumed jurisdiction of a foreign corporation carrying on business within its borders was that of implied consent to such jurisdiction. And quoting from Mr. Justice Brandeis, it is said:

'' 'A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present there. And even if it is doing business within the state the process will be valid only if served upon some authorized agent.' ''

It then said that ''The determination of this jurisdictional question is often a matter of great difficulty and extreme nicety. No all-embracing rule as to what is doing business has been laid down''; that whatever the form of a particular statute authorizing service of process upon the agent of a foreign corporation which has not complied with the qualify-

ing laws of a state, it is a fundamental requisite under the federal Constitution that the corporation shall be "doing business" in the jurisdiction where the service is made to sustain its validity. (Citing cases.)

The case of *Fielding* v. *Superior Court*, 111 Cal.App.2d 490 [244 P.2d 968], relied upon by respondents, involved two foreign corporations which manufactured and distributed pharmaceutical goods. Plaintiff in that action claimed to have been injured by such goods after purchase of them at a retail store in California. They were distributed through a California distributor and wholesaler with whom the corporations had a contract. There, title to the goods was to remain in the corporations until the goods were sold, and the distributor was to warehouse the goods and carry insurance on them in his own name. The corporations set the price and required a report of stock on hand each month. The corporations agreed to insure the distributing agent against any action on behalf of the federal government under the Food, Drug and Cosmetic Act. Their contract provided that the distributor was considered by the parties to be an independent contractor. Considerable other evidence was produced at the hearing and the appellate court held that there was sufficient evidence to show that the corporations were doing business in the State of California within the meaning of the Corporations Code. Some additional consideration was given to the fact that it was a tort action and it would be a burden for the plaintiff to go to New York to sue the corporations.

Subsequently, a similar question was considered in *Martin Bros. Electric Co.* v. *Superior Court*, 121 Cal.App.2d 790 [264 P.2d 183]. It involved a claimed injury by an electric hair-dryer manufactured by an Ohio corporation. The complaint in that action, as here, alleged that at all times mentions, the defendant corporation was doing business within the State of California; that the distributor corporation was a dealer and distributor of beauty shop equipment including electric drying machines manufactured by petitioner corporation. Plaintiff in the action relied upon her verified complaint and the deposition of the president and salesman of the distributing corporation, which showed that it sold dryers manufactured by petitioner as alleged; that other groups in the state also sold them; that its only place of business was in San Francisco; that it had no written contract with petitioner and purchased the dryers from petitioner in Ohio when it wanted them; that it did not control the price for retail sales;

that no dryers were shipped on consignment; that petitioner had no salesman in California; and that if repairs were needed on the machines they were made by any independent dealer available; that petitioner maintained no office, warehouse or stock of material in California; that all persons in California handling petitioner's products were independent of and had no financial interest in petitioner and petitioner had no control over them; that no goods were shipped to any of them on consignment or other basis whereby ownership would remain in the petitioner; that all shipments to California from the factory were made at the factory to agents or carriers specified by the buyers and petitioner had no bank account, and no real or personal property in California. It was there held, under these facts, notwithstanding an order of the superior court in effect finding that the corporation was doing business in California, that the evidence was insufficient to support the finding and ordered the trial court to desist from further proceedings and vacate the order denying petitioner's motion to quash. In so doing it analyzed the several cases here relied upon, including the Fielding case, *supra,* and held that while a foreign corporation may be doing business within the state where products manufactured by it are distributed and sold in the state, even though the distributors are independent, these facts alone are insufficient to make the corporation amenable to process in this state. It analyzed the holding in the Fielding case, *supra,* and distinguished it in this, that there the corporations had agreed to insure the distributor against action on behalf of the federal government. The corporations set the retail sales prices and required from the distributor a report of stock on hand each month, and it may be added that in that case title to the goods was to remain in the corporations until the goods were sold, and the goods were stored in a warehouse in California. The Martin case specifically held that the allegations of the complaint that petitioner was doing business in this state through the independent dealer, was a conclusion of law and that there was not sufficient evidence of any single activity or combination of activities to indicate that petitioner enjoyed the advantages there indicated. As indicated in that case the question of balance of conveniences and justice is not the ultimate question to determine but it must be first supported by competent evidence that the corporation is doing business within the state, as contemplated by law. When the allegations of the complaint and affidavit in support of them are

contradicted, as they were in the instant case, the burden of proof was upon the plaintiffs. (*Jameson* v. *Simonds Saw Co., supra.*)

The main fact relied upon by respondents to show the agency of Lookabaugh is one of his claimed statements to the investigator that he was the sales representative of the corporation and he had an office in San Francisco. It is a rule of long standing in California that the declaration of an agent, not made under oath or in the presence of the principal, and not communicated to, nor acquiesced in, by him, are not admissible to prove the fact of his agency. (1 Cal.Jur. p. 698, § 8; see also *Jameson* v. *Simonds Saw Co., supra,* p. 588.)

While it might have been shown by additional evidence that petitioner corporation, at the time, may have been doing business in this state within the meaning of the statute, we must conclude that respondents have not met the burden of proof. The facts adduced at the hearing of the motion in this case are not sufficient to make petitioner amenable to the process of the courts of this state.

Order and judgment reversed and the trial court is directed to grant the petition and let the writ issue as prayed.

Barnard, P. J., and Mussell, J., concurred.