[Civ. No. 5509.   Fourth Dist.   Nov. 7, 1957.]

WILLIAM T. GRAY, Appellant, v. MONTGOMERY WARD, INC. (a Corporation) et al., Defendants; DURO-METAL PRODUCTS COMPANY (a Corporation), Respondent.

James E. Kelly and Elber H. Tilson for Appellant.

Head, Jacobs & Jacobs for Respondent.

STONE, J. pro tem.*—Plaintiff William T. Gray filed an action for damages for breach of warranty and negligence on September 3, 1953, against Montgomery Ward, Inc., a corporation, and several fictitiously named defendants. Plaintiff alleged the sale to him in October, 1952, of a bench power saw and sanding disc attachment by Montgomery Ward, Inc., and further alleged that said sanding disc attachment was defective and was negligently manufactured by defendants, including Doe Company, a corporation, resulting in the said sanding disc exploding and disintegrating and causing injury to plaintiff's face and eye on or about December 3, 1952.

Defendant Montgomery Ward, Inc., answered and denied breach of warranty or negligence. Plaintiff was unable to personally serve an agent of Duro-Metal Products Company, an Illinois corporation, so pursuant to Corporations Code, sections 6501 and 6502, service of summons and complaint was made on Duro-Metal Products Company, sued as the fictitiously named defendant Doe Company, a corporation, by delivery of the same to the Secretary of State of the State of California. Defendant Duro-Metal Products Company filed a special appearance and notice of motion to set aside service of summons and complaint on the ground that said defendant was not "doing business" in the State of California either at the time of the accident complained of or at the time of the service of process. The trial court granted the motion to quash and set aside the service of summons and complaint on Duro-Metal Products Company, an Illinois corporation, and the plaintiff appeals from that order.

The matter was heard upon the affidavits of counsel for plaintiff and for Duro-Metal Products Company and the affidavit of the assistant secretary and treasurer of Duro-Metal Products Company, and the affidavit and deposition of E. Bellezzo, the manufacturer's agent handling Duro-Metal Products in California. The company denied doing business

*Assigned by Chairman of Judicial Council.

in California or having any agent, servant or employee or other representative in the State of California at all times pertinent to this action. Mr. Bellezzo, in his deposition, testified that from January 1, 1955, until the taking of the deposition June 27, 1955, he was a sales representative for Duro-Metal Products Company. He described himself as a manufacturer's agent with a territory covering the states of California, Oregon, Washington and Arizona. He stated that he called upon dealers and prospective dealers in the State of California. New dealers were appointed upon his recommendation. Defendant's head office was in Illinois and before making a recommendation Bellezzo first checked the proposed retail dealer's credit, his type of distribution, the type of salesman employed, and the general manner in which the applicant conducted his business. Bellezzo testified that once a dealer for Duro was appointed, he called on that dealer regularly urging him to stock with and promote the sales of Duro-Metal Products. He occasionally delivered catalogues and brochures furnished by Duro-Metal Products Company to the dealers. Mr. Bellezzo was under the supervision of a Mr. Brady, sales manager for Duro-Metal Products Company, who maintained an office in the state of Illinois, where he remained but who forwarded information regarding sales and promotion of defendant's products to Bellezzo in California. Orders for merchandise were sometimes given to him personally and others were mailed directly to the company but in either event he received a commission. Such commissions constituted the sole consideration paid to Bellezzo by Duro-Metal Products Company. It should be noted that in case of a serious complaint about any Duro-Metal product sold by a dealer the company in Illinois would refer the complaint to Bellezzo for disposition. During the years 1952, 1953, and 1954, Bellezzo sold Duro-Metal products and serviced the dealer accounts in California in exactly the same manner as in 1955, but he was then employed by a California company, Hedwick and Company, which acted as manufacturer's agent for Duro-Metal Products in California. In his deposition Bellezzo enumerated several dealers in California and indicated sales to them were continuous during the years 1952, 1953, 1954, and 1955, and that the total volume of sales was substantial.

From the foregoing résumé it is apparent defendant Duro-Metal Products Company was "doing business" in California in some sense of the term as their products were being sold,

their dealer accounts were being serviced, and new dealers were being appointed after their credit and type of business had been investigated. ■ The question is whether these facts constitute doing business in a manner which gives the California courts jurisdiction over the defendant consistent with due process. The distinction between the meaning of "doing business" in regard to a regulatory or tax statute as contrasted with notice to a corporation of a pending action is fully treated in *Fielding* v. *Superior Court,* 111 Cal.App. 2d 490, 494 [244 P.2d 968]. The court therein points out that:

"The essence of doing business is that the corporation is present within the state sufficiently to constitute it just and equitable that it be amenable to process within the state. (*Milbank* v. *Standard Motor Const. Co.,* 132 Cal.App. 67 [22 P.2d 271]; *Boote's Hatcheries, etc. Co.* v. *Superior Court,* 91 Cal.App.2d 526, 528 [205 P.2d 31].) . . . The essential thing is merely whether the corporations are present within the state, whether they operate through an independent contract, agent, employee or in any other manner."

■ Whether Bellezzo was employed by Hedwick or self-employed, when he located new dealers, checked and appraised credit ratings, serviced dealer accounts and handled complaints of ultimate consumers in California, he was performing services for Duro-Metal Products Company, and that company was "doing business" through him within the meaning of the term as defined in the Fielding case.

The facts of *Jeter* v. *Austin Trailer Equipment Co.,* 122 Cal.App.2d 376 [265 P.2d 130], are similar to the case before us. The Jeter case presents a lengthy and detailed discussion of the development of the California theory and rule concerning the question of when a foreign corporation is "doing business" in the state in so far as jurisdiction is concerned. Rather than repeat the various aspects of the principle involved and its ramifications set forth in the Jeter case, we simply quote the court's conclusion, page 388, that:

"By way of recapitulation of the current state of the law under the evolving concept of the 'doing business' requirement, it is deducible from the cases that the essentials of due process are fully met, at least for the purposes of amenability to local process and jurisdiction, if a foreign corporation maintains substantial contacts with a state through a course of regularly-established and systematic business activity, as distinguished from casual, isolated, or insubstantial contacts or transactions."

The defendant Duro-Metal Products Company was doing business in this state in so far as jurisdiction and amenability to process are concerned.

The order is reversed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied December 4, 1957, and respondent's petition for a hearing by the Supreme Court was denied December 30, 1957.