[L. A. No. 25485. In Bank. Nov. 20, 1959.]

HAROLD L. COSPER, Appellant, v. SMITH AND WESSON ARMS COMPANY (a Corporation) et al., Defendants; SMITH AND WESSON, INC. (a Corporation), Respondent.

Morris B. Chain and Milton M. Younger for Appellant.

Borton, Petrini, Conron & Brown and P. R. Borton for Respondent.

SPENCE, J.—Plaintiff, a police officer, brought this action for personal injuries allegedly sustained in this state when the cylinder of a revolver, purchased by him in this state from defendant Pitt and manufactured by Smith and Wesson, Inc., a Massachusetts corporation, "exploded and blew apart" during target practice, causing the permanent loss of vision of plaintiff's right eye. Summons and complaint were served on Walter K. Lookabaugh as the alleged agent, sales manager and manufacturer's representative for Smith and Wesson. The service was in pursuance of section 6500 of the Corporations Code: "Delivery by hand of a copy of any process against a foreign corporation (a) to . . . the general manager in this State . . . shall constitute valid service on the corporation."

Smith and Wesson specially appeared and moved to quash the service upon the ground that it was not "doing business" in this state and maintained no agent here upon whom process might be served. The motion was heard upon affidavits, in-

cluding certain depositions considered as such affidavits. The court found that Lookabaugh was neither ''an officer,'' the ''general manager'' in this state nor the ''designated agent'' of Smith and Wesson ''for service of process in California''; and that Smith and Wesson was ''not doing business in California in the sense required to make it amenable to process'' here. From the order thereupon entered quashing the service on Smith and Wesson, plaintiff appeals.

Plaintiff claims that the admitted activities of Smith and Wesson in this state establish that it was ''doing business'' here so as to be amenable to the service of process, and that proper service was effected upon it by serving Lookabaugh. He further contends that the court's contrary findings are not supported by the evidence but constitute only erroneous conclusions of law. The single affidavit filed in support of Smith and Wesson's motion to quash service was that of its president. Despite the document's conclusionary averments, the facts that it recites disclose that Smith and Wesson had sufficient contacts with this state to render it amenable to such service of process.

This affidavit recites that Smith and Wesson, Inc., is a Massachusetts corporation with offices in Springfield and is not qualified to do business in this state; that it ''has no agents, salesmen, or other employees residing in California, nor any resident representative authorized to adjust any claims or complaints against [it] in California''; that it has no offices nor any property or assets in this state; that it ''does not solicit retail business, but distributes its products F.O.B. Springfield through regular wholesale and dealer channels. Sales promotions are principally conducted by long established firms known as manufacturer's representatives, which on their own time and expense solicit business in several allied lines against an overriding discount, or commission, on business initiated by them''; that the ''Walter Lookabaugh Co. of California and its predecessor, the Paul S. Linforth Co., have been known to us as general manufacturer's representatives specializing in the sporting goods field''; that there is no contract with Lookabaugh Company except that they were ''to promote on a non-exclusive basis the sale of our products on the West coast against a straight commission of 5%''; that Smith and Wesson, Inc., has no financial interest in the Lookabaugh Company nor any control over this company or its employees; that Lookabaugh Company buys its own samples and ''no help or assistance is given them by Smith

and Wesson, Inc., except such advertising material as is furnished by Smith and Wesson, Inc., to the general jobbing trade throughout the world.''

This affidavit discloses that Smith and Wesson's products are distributed in California, that Lookabaugh Company, a manufacturer's representative, promoted its business here though not on an exclusive basis, and distributed general advertising matter furnished by Smith and Wesson. It therefore appears that the material factual averments of defendant's affidavit do not contradict but rather coincide with plaintiff's extended showing of Smith and Wesson's activities in this state through its agreement with Lookabaugh for servicing dealer accounts, investigating and recommending prospective dealers to Smith and Wesson, arranging publicity, distributing advertising, and handling and reporting on complaints concerning defects in Smith and Wesson's products. In short, this is not a true case of conflicting evidence in which a reviewing court will refuse to disturb findings based thereon. (*Griffith Co.* v. *San Diego College for Women*, 45 Cal.2d 501, 507-508 [289 P.2d 476, 47 A.L.R.2d 1349] ; *Murray* v. *Superior Court*, 44 Cal.2d 611, 619 [284 P.2d 1] ; *Fuller* v. *Lindenbaum*, 29 Cal.App.2d 227, 230 [84 P.2d 155].)

Reference has been hereinabove made to plaintiff's ''extended showing'' of Smith and Wesson's activities in this state. This showing was made largely through the depositions of several witnesses. On the hearing of the motion, Smith and Wesson objected to the offer of these depositions upon the ground that it had not been served with notice of the taking of said depositions. The trial court's memorandum opinion shows that it treated said depositions ''as affidavits, despite the circumstances under which they were obtained,'' and that it ''read and considered all sworn evidentiary statements before it.'' The originals of all depositions considered by the trial court have been forwarded to this court. Smith and Wesson still objects to the consideration of said depositions and contends that without the aid thereof, plaintiff failed to sustain his burden of proof. In our opinion, said depositions were properly before the trial court, and are properly before this court, like all other ex parte affidavits which were used by the parties in support of, or in opposition to, the motion. (Code Civ. Proc., § 2009.) Furthermore, as above indicated, the material portions of said depositions merely describe in greater detail the admitted activities of Smith

and Wesson in this state as shown by the affidavit of its president, and there is therefore no real conflict in the material factual averments.

The validity of the service of process pursuant to section 6500 of the Corporations Code depends first on whether the foreign corporation is "doing business in this State" within the meaning of the statute. (Code Civ. Proc., § 411, subd. 2.) As this court said in *Henry R. Jahn & Son* v. *Superior Court*, 49 Cal.2d 855, at page 858 [323 P.2d 437] : "That term is a descriptive one that the courts have equated with such minimum contacts with the state 'that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' (*International Shoe Co.* v. *Washington*, 326 U.S. 310, 316 [66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057].) Whatever limitation it imposes is equivalent to that of the due process clause." In essence, the statutory term "is synonymous with the power of the state to subject foreign corporations to local process." (*Eclipse Fuel Eng. Co.* v. *Superior Court*, 148 Cal.App.2d 736, 738 [307 P.2d 739] ; see also *Carl F. W. Borgward, G.M.B.H.* v. *Superior Court*, 51 Cal.2d 72, 75 [330 P.2d 789] ; *Gordon Armstrong Co.* v. *Superior Court*, 160 Cal.App.2d 211, 218 [325 P.2d 21].)

 From the record it indisputably appears that Smith and Wesson had a continuing arrangement for the distribution and sale of its products throughout this state. Said defendant had retained a manufacturer's representative, Lookabaugh, for the promotion of sales, for the servicing of dealer accounts, and for the distribution of advertising material which defendant furnished in furtherance of its selling activity. Such a regular course of business dealings in sales promotion within the state is similar to the regular purchasing activities of the foreign corporation in the Jahn case and the regular selling activities of the foreign corporation in the Borgward case. Though self-employed as a manufacturer's representative, Lookabaugh was performing much the same type of substantial selling services for Smith and Wesson through a course of regularly-established and systematic business activity as were deemed in *Gray* v. *Montgomery Ward, Inc.*, 155 Cal.App.2d 55 [317 P.2d 114], to constitute "doing business" in the state by the foreign corporation there involved. These services may reasonably be said to have given Smith and Wesson "in a practical sense, and to a substantial degree, the benefits and advantages it would have enjoyed by

operating through its own office or paid sales force." (*Sales Affiliates, Inc.* v. *Superior Court*, 96 Cal.App.2d 134, 136 [214 P.2d 541].) Certainly, the admitted activities of Smith and Wesson in this state are more significant than the minimal contacts deemed sufficient in *McGee* v. *International Life Ins. Co.*, 355 U.S. 220 [78 S.Ct. 199, 2 L.Ed.2d 223], where the foreign corporation elected to deal with its insured, a California resident, only by mail.

It further appears that the gun which exploded was sold in this state, the accident occurred in this state, the plaintiff is a resident of this state, and many of the witnesses who will probably be called at the trial are present in this state. Therefore, in view of all of the facts, we deem it not inconsistent with "traditional notions of fair play and substantial justice" to subject the defendant Smith and Wesson to the jurisdiction of the courts of this state in this action.

▮▮▮ The second consideration in testing the validity of service under section 6500 of the Corporations Code is whether the person served is within the statutory designation—here "the general manager in this State" for Smith and Wesson. In this regard, it has been said that "every object of the service is obtained when the agent served is of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made," and by service on such an agent, "the requirement of the statute is answered." (*Eclipse Fuel Eng. Co.* v. *Superior Court, supra,* 148 Cal.App.2d 736, 746.) ▮▮▮ Whether in any given case, the person served may properly be regarded as within the concept of the statute depends on the particular facts involved. (Ibid; *Milbank* v. *Standard Motor Const. Co.,* 132 Cal.App. 67, 71 [22 P.2d 271]; *Roehl* v. *Texas Co.,* 107 Cal.App. 691, 704 [291 P. 255].) ▮▮▮ Here, it reasonably appears that Lookabaugh as a manufacturer's representative actively engaged in promoting the sales of Smith and Wesson and earning commissions through such sales, would have ample regular contact with Smith and Wesson and would be of "sufficient character and rank to make it reasonably certain" that Smith and Wesson would be apprised of the service of process. Neither the fact that Lookabaugh's organization was designated as "manufacturer's representatives" nor the fact that such representatives promoted sales "on their own time and expense" is determinative here. ▮▮▮ Whether Smith and Wesson was operating "through an independent contract,

agent, employee or in any other manner" (*Gray* v. *Montgomery Ward, Inc., supra,* 155 Cal.App.2d 55, 58; *Fielding* v. *Superior Court,* 111 Cal.App.2d 490, 494 [244 P.2d 968]; see also *Eclipse Fuel Eng. Co.* v. *Superior Court, supra,* 148 Cal. App.2d 736, 740), the essential factor is that Lookabaugh in his selling and advertising activities was performing services for Smith and Wesson and providing it with the opportunity for "regular contact with its customers and a channel for a continuous flow of business into the state." (*Sales Affiliates, Inc.* v. *Superior Court, supra,* 96 Cal.App.2d 134, 136.) In short, the arrangement of Smith and Wesson with Lookabaugh appears, in the light of the president's affidavit, to have given Smith and Wesson substantially the business advantages that it would have enjoyed "if it conducted its business through its own offices or paid agents in the state" (*Eclipse Fuel Eng. Co.* v. *Superior Court, supra,* 148 Cal. App.2d 736, 740); and such arrangement was sufficient to constitute Lookabaugh "the general manager in this State" for purposes of service of process on Smith and Wesson. (Corp. Code, § 6500.)

It is true that Smith and Wesson has been held to be immune from the service of process in this state. (*Smith & Wesson, Inc.* v. *Municipal Court,* 136 Cal.App.2d 673 [289 P.2d 26].) That ruling was based on a lack of competent evidence showing that Smith and Wesson was "doing business" within this state, but it was expressly recognized that "additional evidence" might show otherwise. (P. 679.) ▮▮▮ A manufacturer of arms whose products are sold on a wide scale throughout the state through the extensive, regular and continuous services of a "manufacturer's representative" should not be perpetually immune from the service of process in actions brought by residents of this state because of injury sustained from alleged defects in the manufacturer's products. In the present case, there are additional competent and uncontradicted factual averments showing that under the "minimum contacts" doctrine Smith and Wesson is "doing business" within this state, and that its representative Lookabaugh comes within the statutory concept of its "general manager in this State" for the purposes of service of process. (Corp. Code, § 6500.) In such circumstances, "the fair and orderly administration of the laws" (*International Shoe Co.* v. *Washington,* 326 U.S. 310, 319 [66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057]) fully justifies subjecting Smith and Wesson to the jurisdiction of our courts.

The order granting the motion to quash service of summons and complaint is reversed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., and White, J., concurred.

McCOMB, J.—I dissent. I would affirm the order for the reasons stated by Mr. Justice Mussell in the opinion prepared by him for the District Court of Appeal in *Cosper* v. *Smith & Wesson, Inc.* (Cal.App.), 338 P.2d 596.