**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel John Lee Miller and JOHN LEE MILLER, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> THE PUBLIC WAREHOUSING COMPANY KSC, AKA Agility and PWC, <br><br> Defendant - Appellant. | No. 15-55312 <br><br> D.C. No. 8:10-cv-00526-AG-MLG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted January 4, 2016
Pasadena, California

Before: M. SMITH, WATFORD, and FRIEDLAND, Circuit Judges.

The district court determined that Plaintiff John Lee Miller properly served

process on Defendant, The Public Warehousing Company, K.S.C., (PWC) through

its U.S. subsidiary, Agility Logistics Corporation (Agility), as a "general manager"

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

under California Code of Civil Procedure (CCCP) § 416.10(b). We have jurisdiction under 28 U.S.C. § 1292(b), and we remand for further development concerning the relationship between Agility and PWC.

The Federal Rules of Civil Procedure permit service upon a corporation within the United States as prescribed by the law of the forum state or the state in which service is made. Fed. R. Civ. P. 4(h)(1)(A) & 4(e)(1). California law, in turn, permits service upon a corporation by delivering a copy of the summons and the complaint to "a general manager" of the corporation. CCCP § 416.10(b). A related service-of-process statute, California Corporations Code (CCC) § 2110, permits service of process upon a foreign corporation transacting business in California by serving "its general manager in this state." The term "general manager" is not defined in either statute.

In *Cosper v. Smith & Wesson Arms Co.*, the California Supreme Court, interpreting a predecessor to CCC § 2110, held that the service-of-process statutes are satisfied if service is effected on an agent "of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made." 346 P.2d 409, 413 (Cal. 1959) (quoting *Eclipse Fuel Eng'g Co. v. Super. Ct.*, 307 P.2d 739, 745 (Cal. Dist. Ct. App. 1957)). The court further held that an agent meets that requirement if it provides the defendant with "the opportunity for regular contact with

2

its customers and a channel for a continuous flow of business into the state," *id.* at 414 (internal quotation marks omitted), and the defendant enjoys through the agent "substantially the business advantages that it would have enjoyed 'if it conducted its business through its own offices or paid agents in the state.'" *Id.* (quoting *Eclipse Fuel*, 307 P.2d at 742).

The California lower courts' decisions following *Cosper* have been less than perfectly consistent. One line of cases has not permitted service on a parent through its subsidiary. *See, e.g.*, *Gen. Motors Corp. v. Super. Ct.*, 93 Cal. Rptr. 148 (Cal. Ct. App. 1971). On the other hand, the most recent decision from the California Court of Appeal declares outright that "California law allows service on a foreign corporation by serving its domestic subsidiary." *Yamaha Motor Co., Ltd. v. Super. Ct.*, 94 Cal. Rptr. 3d 494, 498 (Cal. Ct. App. 2009) (capitalization altered); *see also Gibble v. Car-Lene Research, Inc.*, 78 Cal. Rptr. 2d 892 (Cal. Ct. App. 1998); *Sims v. Nat'l Eng'g Co.*, 34 Cal. Rptr. 537 (Cal. Ct. App. 1963). The *Yamaha* court acknowledged the "anomaly" that an agent without "any real *control over* [its] principal[]" might be considered a "general manager" of that principal, but considered itself bound by *Cosper* and permitted service upon Yamaha-Japan through its American subsidiary. 94 Cal. Rptr. 3d at 501-02.

Two features appear to distinguish the latter line of cases from the former.[1] First, where service was permitted, the parent corporation was foreign and otherwise not readily available for service within California. *See Gen. Motors*, 93 Cal. Rptr. at 151 ("In both *Eclipse* and *Cosper* the corporations involved . . . had in effect attempted to maintain a rather low silhouette within the state by operating through subsidiaries and contract representatives."); *Yamaha*, 94 Cal. Rptr. 3d at 502. Second, service through a subsidiary as general manager requires a sufficiently close connection with the parent. This depends upon the frequency and quality of contact between the parent and the subsidiary, the benefits in California that the parent derives from the subsidiary, and the overall likelihood that service upon the subsidiary will provide actual notice to the parent. *See Yamaha*, 94 Cal. Rptr. 3d at 501; *Cosper*, 346 P.2d at 414.

Here, the former requirement is met: PWC is a foreign corporation that is otherwise not readily available for service within California. But on the latter requirement, the record shows merely that PWC holds itself and its subsidiaries out

---

[1]The concurrence makes much of the distinction between CCC § 2110 and CCCP § 416.10. We are not persuaded, however, that the two District Court of Appeal cases cited by the concurrence provide a sound basis for reading "a general manager" in CCCP § 416.10 significantly more narrowly than how the California Supreme Court defined "general manager in this State" in *Cosper*, 346 P.2d at 413-14.

as a single integrated global "Group," and that the Group issues a single financial statement consolidating the finances of PWC and all its subsidiaries. On remand, the district court shall permit Miller to obtain and introduce evidence concerning the nature of the relationship between Agility and PWC—specifically, considering the factors articulated by *Cosper*, 346 P.2d at 414—before determining whether service upon Agility was sufficient to effect service upon PWC. The district court may also consider whether service was adequate on other grounds. Each party shall bear its own costs on appeal.

**VACATED and REMANDED**.

**USA ex rel. Miller v. The Public Warehousing Co., 15-55312**

FRIEDLAND, Circuit Judge, concurring in the judgment:

I agree that the district court's order should be vacated and remanded. But I would instruct the district court to apply the definition of Cal. Corp. Code § 2110's phrase "general manager in this state" provided in *Cosper v. Smith & Wesson Arms Co.*, 346 P.2d 409 (1959) (in bank), only if the court finds that PWC is doing business in California.

In my view, the district court erred when it imported the definition for "general manager in this state" as used in Cal. Corp. Code § 2110 into the separate service-of-process statute, Cal. Code Civ. P. § 416.10(b), which provides for service on an entity's "general manager." In *Cosper*, the California Supreme Court set forth a two-part test for evaluating whether an agent qualifies as a foreign corporation's "general manager in this state" within the meaning of the predecessor to § 2110 so that service on that agent could constitute valid service on the defendant corporation: (1) the agent must be "of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made," and (2) the agent must be "performing services for [the foreign corporation] and providing it with the opportunity for 'regular contact with its customers and a channel for a continuous flow of business into the state.'" 346 P.2d at 413-14 (quoting *Sales Affiliates v. Super. Ct.*, 214 P.2d 541, 542 (Cal. Ct. App. 1950))

(analyzing the statutory predecessor to § 2110). In my view, the second component is intertwined with the threshold requirement for service under § 2110 that the foreign corporation be engaged in intrastate business in California. *Cosper*, 346 P.2d at 412-13 ("The validity of the service of process pursuant to [the predecessor to § 2110] depends first on whether the foreign corporation is 'doing business in this State' within the meaning of the statute."); *see* Cal. Corp. Code § 2100.

If PWC is not doing business in California, I believe service must be evaluated under § 416.10(b). Although few California courts have defined the term "general manager" in that provision, those that have done so have required that the agent on whom process is served be engaged in managing the defendant corporation's business as a whole in order for service on that defendant to be effective. *See Bakersfield Hacienda, Inc. v. Super. Ct.*, 18 Cal. Rptr. 812, 816 (Cal. Ct. App. 1962) (defining "general manager" as used in the predecessor to § 416.10(b) as "one who has general direction and control of the business of the corporation as distinguished from one who has the management only of a particular branch of the business"); *Brovelli v. Super. Ct.*, 12 Cal. Rptr. 374, 379 (Cal. Ct. App. 1961), *vacated on other grounds*, 364 P.2d 462 (Cal. 1961) (in bank) ("The history of [the predecessor to § 416.10(b)] . . . demonstrates that the Legislature did not intend to provide for service of process upon any agent of a

corporation who had some managerial function, but only upon one whose functions are to manage the corporation's affairs in general.").[1]

I agree with the majority that, if the district court on remand determines that service was not effectuated under § 2110 or § 416.10(b), it should consider whether PWC has been properly served through other means.

---

[1] Though vacated, the Court of Appeal decision retains instructive value for issues not addressed on review. *See Grupe v. Cal. Coastal Comm'n*, 212 Cal. Rptr. 578, 588 n.9 (Cal. Ct. App. 1985).