FRIEDLAND, Circuit Judge,
concurring in the judgment:
I agree that the district court’s order should be vacated and remanded. But I would instruct the district court to apply the definition of Cal. Corp.Code § 2110’s phrase “general manager in this state” provided in Cosper v. Smith & Wesson Arms Co., 53 Cal.2d 77, 346 P.2d 409 (1959) (in bank), only if the court finds that PWC is doing business in California.
In my view, the district court erred when it imported the definition for “gener *950 al manager in this state” as used in Cal. Corp.Code § 2110 into the separate service-of-process statute, CaLCode Civ. P. § 416.10(b), which provides for service on an entity’s “general manager.” In Cosper, the California Supreme Court set forth a two-part test for evaluating whether an agent qualifies as a foreign corporation’s “general manager in this state” within the meaning of the predecessor to § 2110 so that service on that agent could constitute valid service on the defendant corporation: (1) the agent must be “of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made,” and (2) the agent must be “performing services for [the foreign corporation] and providing it with the opportunity for ‘regular contact with its customers and a channel for a continuous flow of business into the state.’ ” 346 P.2d at 413-14 (quoting Sales Affiliates v. Super. Ct., 96 Cal.App.2d 134, 214 P.2d 541, 542 (Cal.Ct.App.1950)) (analyzing the statutory predecessor to § 2110). In my view, the second component is intertwined with the threshold requirement for service under § 2110 that the foreign corporation be engaged in intrastate business in California. Cosper, 346 P.2d at 412-13 (“The validity of the service of process pursuant to [the predecessor to § 2110] depends first on whether the foreign corporation is ‘doing business in this State’ within the meaning of the statute.”); see Cal. Corp.Code § 2100.
If PWC is not doing business in California, I believe service must be evaluated under § 416.10(b). Although few California courts have defined the term “general manager” in that provision, those that have done so have required that the agent on whom process is served be engaged in managing the defendant corporation’s business as a whole in order for service on that defendant to be effective. See Bakersfield Hacienda, Inc. v. Super. Ct., 199 Cal.App.2d 798, 18 Cal.Rptr. 812, 816 (1962) (defining “general manager” as used in the predecessor to § 416.10(b) as “one who has general direction and control of the business of the corporation as distinguished from one who has the management only of a particular branch of the business”); Brovelli v. Super. Ct., 12 Cal.Rptr. 374, 379 (Cal.Ct.App.1961), vacated on other grounds, 56 Cal.2d 524, 15 Cal.Rptr. 630, 364 P.2d 462 (1961) (in bank) (“The history of [the predecessor to § 416.10(b) ] ... demonstrates that the Legislature did not intend to provide for service of process upon any agent of a corporation who had some managerial function, but only upon one whose functions are to manage the corporation’s affairs in general.”).[1]
I agree with the majority that, if the district court on remand determines that service was not effectuáted under § 2110 or § 416.10(b), it should consider whether PWC has been properly served through other means.

. Though vacated, the Court of Appeal decision retains instructive value for issues not addressed on review. See Grupe v. Cal. Coastal Comm’n, 166 Cal.App.3d 148, 212 Cal.Rptr. 578, 588 n. 9 (1985).