Filed 1/20/21  Sweikhart v. Akebono Brake Industry Co., Ltd. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GEORGE SWEIKHART, et al., | B305065 |
| Plaintiffs and Appellants, | Los Angeles County |
| v. | Super. Ct. |
| | No. 19STCV26549 |
| AKEBONO BRAKE INDUSTRY CO., LTD., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Maurice A. Leiter, Judge. Reversed.

Weitz & Luxenberg, Benno Ashrafi, Tyler Stock; Bartlett Barrow and Brian P. Barrow for Plaintiffs and Appellants.

Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller, Tracy D. Forbath, Florence A. McClain, and Lesa M. Meyers for Defendant and Respondent.

# INTRODUCTION

The Hague Convention, which the United States has adopted, governs service of process in international civil disputes. But states may enact more liberal service rules—and California has. Under California law, plaintiffs may serve a foreign corporation through its "general manager in this state" (Corp. Code,[1] § 2110; Code Civ. Proc., § 416.10), a term courts have construed to include domestic corporate subsidiaries.

Plaintiffs and appellants George and Christina Sweikhart sued defendant and respondent Akebono Brake Industry Co., Ltd. (ABIC), a Japanese company. Instead of serving the summons and complaint under Hague Convention procedures, however, the Sweikharts delivered the papers to the designated agent for service of process in California for ABIC's wholly-owned American subsidiary, Akebono Brake Corporation (Akebono). On appeal from the trial court's order granting ABIC's motion to quash, the Sweikharts argue that they were not required to comply with Hague Convention procedures because Akebono is ABIC's "general manager" under California law. We agree. Because the Sweikharts satisfied California's service rules, service on ABIC was proper, and the court erred in granting the motion to quash. We therefore reverse.

## BACKGROUND

ABIC, which was established in Japan in 1929, develops, manufactures, and sells automotive brake systems around the world. In 1980, ABIC created Akebono as a wholly-owned

---

[1] All undesignated statutory references are to the Corporations Code.

subsidiary to serve as its sales and marketing arm in the United States.[2] Akebono is incorporated in Michigan.

### 1. Complaint and Service of Process

In June 2019, George Sweikhart was diagnosed with mesothelioma.

The next month, he and his wife filed a complaint alleging occupational exposure to ABIC's and Akebono's asbestos-containing products while working at various automotive dealerships. The complaint alleged causes of action for negligence, breach of warranties, strict products liability, premises owner/contractor liability, and loss of consortium.

On August 1, 2019, the Sweikharts served ABIC and Akebono, in Los Angeles, through CT Corporation, Akebono's designated agent for service of process in California. Akebono accepted service and answered the complaint. ABIC, on the other hand, specially appeared and moved to quash.

### 2. Motion to Quash

ABIC argued that the Sweikharts did not effectuate valid service because they did not comply with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 U.S.T. 361-367, T.I.A.S. 6638) (hereafter the Hague Convention or the Convention). ABIC maintained that it is "a Japanese company, organized under the laws of Japan, with its principal place of business in Tokyo, Japan and in Hanyu, Japan" and that it does not have an agent

---

[2] Because ABIC does not dispute that Akebono is its wholly-owned American subsidiary, we do not address the relationship between ABIC and Akebono in any detail.

3

for service of process in California, has no offices or real property in California, and has never manufactured any products in California. In support of its motion, ABIC relied primarily on an unpublished two-page alternative writ in another case issued by our colleagues in Division One.[3]

The Sweikharts filed an opposition and ABIC filed a reply. After a contested hearing, the court found that section 2110 had not been satisfied and granted the motion to quash.

The Sweikharts filed a timely notice of appeal.

## DISCUSSION

The Sweikharts contend that because Akebono is ABIC's wholly-owned subsidiary, they properly served ABIC under California law by serving Akebono's designated agent for service of process in California. As such, they argue, the Hague Convention does not apply, and the trial court erred by granting ABIC's motion to quash. We agree.

### 1. Standard of Review

When "a defendant moves to quash out-of-state service of process for lack of jurisdiction, the plaintiff has the burden of proving jurisdiction by a preponderance of the evidence. [Citation.] When the evidence conflicts, we review the trial court for abuse of discretion. [Citation.] When the parties do not dispute the facts, we review the issue of jurisdiction de novo. [Citation.]" (*As You Sow v. Crawford Laboratories, Inc.* (1996) 50

---

[3] ABIC's reliance, below and on appeal, on an unpublished order in *Akebono Brake Industry Co., Ltd. v. Superior Court (Gibbins)* (Mar. 21, 2019, B295133) is improper and we decline to consider it. (Cal. Rules of Court, rule 8.1115(a).)

Cal.App.4th 1859, 1866.) In this case, ABIC concedes that because "the facts relevant to service are essentially undisputed, de novo review here is proper."

## 2.     The Hague Convention

The Hague Convention applies to " 'all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.' " (*Volkswagenwerk Aktiengesellschaft v. Schlunk* (1988) 486 U.S. 694, 699.) The United States signed the Convention in 1969; Japan signed it the following year. (*Suzuki Motor Co. v. Superior Court* (1988) 200 Cal.App.3d 1476, 1479.) But the Convention does not apply where service on a foreign corporation's domestic agent is valid and complete under state law and the due process clause. (*Volkswagenwerk*, at p. 707.)

In California, Code of Civil Procedure section 416.10 allows service of process on foreign corporations using the procedures established in section 2110. And under section 2110, "delivery by hand of a copy of any process to the 'general manager in this state' of a foreign corporation 'shall constitute valid service on the corporation.' " (*Yamaha Motor Co., Ltd. v. Superior Court* (2009) 174 Cal.App.4th 264, 272 (*Yamaha*).) Although *general manager* is not specifically defined by statute, courts have construed it to mean any agent of sufficient rank to make it reasonably certain the agent will apprise the defendant of service. (*Cosper v. Smith & Wesson Arms Co.* (1959) 53 Cal.2d 77, 83 (*Cosper*).)

In *Yamaha*, the court faced an issue identical to the one we are asked to decide in this case: "whether a Japanese manufacturer can be served under California law simply by serving the Japanese manufacturer's American subsidiary." (*Yamaha, supra,* 174 Cal.App.4th at p. 267.) It concluded, based

on the California Supreme Court's decision in *Cosper, supra*, 53 Cal.2d 77: "yes, it really is that easy." (*Yamaha*, at p. 267.)

In *Cosper*, "a police officer whose revolver exploded on him sued the Massachusetts corporation that manufactured the firearm. The Massachusetts corporation, however, had no agents, salesmen, or other employees in California. [Citation.] But it did have a contract with a California representative to promote, on a ' "non-exclusive basis" ' the sale of its products on the West Coast. Basically, he was a sporting goods salesman. [Citation.] The Supreme Court held that service on this representative was sufficient to serve the Massachusetts corporation because the representative was the ' "general manager in this State." ' [Citation.]" (*Yamaha, supra*, 174 Cal.App.4th at p. 273.)

"To be sure, the bulk of the *Cosper* decision is devoted to the due process minimum contacts problem on which first-year civil procedure professors usually spend too much time. (The court held that, yes, Smith & Wesson had done enough business in California that it would not be a denial of due process to have the firm sued in this state.) Even so, the court also clearly held that service on the sales representative was valid service on the corporation itself, reasoning that the representative had 'ample regular contact' so that it was ' "reasonably certain" ' that the representative would apprise the manufacturer of the service. (*Cosper, supra*, 53 Cal.2d at p. 83.)" (*Yamaha, supra*, 174 Cal.App.4th at p. 273.)

As the court in *Yamaha* explained: "*Cosper* applies a fortiori to this case—that is, the relationship between the manufacturer's representative and the manufacturer in *Cosper* was far less intimate, far less connected, and far less interrelated than the relationship between [the domestic subsidiary] and [the

foreign parent company] in the case before us. If, in *Cosper*, a sporting-goods-oriented nonexclusive purveyor of Smith & Wesson guns on the West Coast was a 'general manager in this State' under … [former] section 6500, how much more so is [the subsidiary] the 'general manager in this State' here, where (unlike *Cosper*), [the subsidiary] is the American face of the Japanese company … ." (*Yamaha, supra*, 174 Cal.App.4th at p. 274.)

In this case, Akebono is a wholly-owned corporate subsidiary of ABIC. Indeed, although Akebono, as an American corporate entity, was established in the United States in 1980, the company claims on its website that it was in fact "established in Japan in 1929" and has "more than 85 years of brake design and production expertise." Akebono lists ABIC and its address in Japan as its "Japanese Headquarters." Further, as in *Yamaha*, Akebono is ABIC's United States representative for product testing and certification—including in California. And, as in *Cosper*, Akebono has sales representatives responsible for particular geographic locations, including California.

Accordingly, "[p]robable contact between the domestic representative and the foreign corporation leading to actual notification is far more present here than in *Cosper*. If it was reasonably certain that a relatively casual sporting goods representative would apprise the 'foreign' manufacturer of service in *Cosper*, it is doubly reasonably certain" that Akebono will apprise ABIC "of any service in California." (*Yamaha, supra*, 174 Cal.App.4th at p. 274.)

To be sure, ABIC quotes dicta in *Yamaha* disputing the proposition that an agent for service of process in California serving the out-of-state subsidiary of a foreign corporation *should*

constitute a general manager within the meaning of section 2110. But as *Yamaha* plainly states—and ABIC fails to acknowledge—that is the rule in California unless and until the California Supreme Court opts to revisit *Cosper*. (See *Yamaha, supra*, 174 Cal.App.4th at pp. 272–273; *id.* at pp. 274–275, citing *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455–456.) And despite the *Yamaha* court's urging, the Supreme Court has not done so. (See *Yamaha*, at p. 275.)

## DISPOSITION

The order granting the motion to quash is reversed. George and Christina Sweikhart shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, Acting P. J.

WE CONCUR:

EGERTON, J.

DHANIDINA, J.