[Civ. No. 27343.   Second Dist., Div. Four.   Oct. 24, 1963.]

FLORENCE SIMS et al., Plaintiffs and Appellants, v. NATIONAL ENGINEERING COMPANY, Defendant and Respondent.

Wise, Kilpatrick & Clayton and George E. Wise for Plaintiffs and Appellants.

Steven M. Martin for Defendant and Respondent.

KINGSLEY, J.—Plaintiffs are the widow and minor children of a workman who was killed when a machine, manufactured by respondent and sold by it to plaintiffs' intestate's employer, accidentally started. Claiming negligence and breach of warranty, plaintiffs sued four California corporations, a Connecticut corporation, and respondent, an Illinois corporation. All of the defendants except respondent have appeared, some of them have filed cross-complaints for indemnity, and depositions of various California residents have been taken. Respondent, claiming that the court had no jurisdiction over it, moved to quash service of summons purportedly made on it by service on its local distributor. The motion was granted and plaintiffs have appealed.[1]

In order to obtain personal jurisdiction over a for-

[1]The motion was first denied by one judge in the trial court on the basis of respondent's affidavits only, the court refusing to consider the declaration on behalf of plaintiffs because not filed within the time required by the local rule of court. A motion to reconsider was thereafter granted and the original order confirmed on such reconsideration. The ultimate order is appealable. *Johnson* v. *Goodyear Tire & Rubber Co.* (1963) 216 Cal.App.2d 133 [30 Cal.Rptr. 650].

eign corporation, two requirements must be met: (1) the corporation must be "doing business" in this state, within the meaning of that term as developed by our decisions; and (2) service must be made within this state on a person legally competent for that purpose. Respondent contended in the trial court, and contends here, that neither of these requirements was met in this case. For the reasons hereinafter set forth we reject both contentions.

I

█ The meaning of the term "doing business," as applied to jurisdiction to maintain litigation, has been the subject of a number of recent cases in this state, one of which is an opinion of this court in *James R. Twiss, Ltd.* v. *Superior Court* (1963) 215 Cal.App.2d 247 [30 Cal.Rptr. 98]. As pointed out in that case, although at one time the courts required such contacts with the state of the forum as to amount to "presence" of the foreign corporation within the jurisdiction, the modern rule, as stated by the Supreme Court in *Henry R. Jahn & Son, Inc.* v. *Superior Court* (1958) 49 Cal.2d 855, 858 [323 P.2d 437], is as follows: "The statute authorizes service of process on foreign corporations that are 'doing business in this State.' That term is a descriptive one that the courts have equated with such minimum contacts with the state 'that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."' " (*International Shoe Co.* v. *Washington*, 326 U.S. 310, 316 [66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057].) █ Whatever limitation it imposes is equivalent to that of the due process clause. ' "[D]oing business" within the meaning of section 411 of the Code of Civil Procedure is synonymous with the power' of the state to subject foreign corporations to local process.' (*Eclipse Fuel etc. Co.* v. *Superior Court*, 148 Cal.App.2d 736, 738 [307 P.2d 739]; . . ."

█ Since there is no conflict in the facts as presented to the trial court, the determination of whether or not they disclose a situation within this rule is a matter of law. "In short, this is not a true case of conflicting evidence in which a reviewing court will refuse to disturb findings based thereon. [Citations.]" (*Cosper* v. *Smith & Wesson Arms Co.* (1959) 53 Cal.2d 77, 81 [346 P.2d 409]; *Emsco Pavement etc. Corp.* v. *City of Los Angeles* (1959) 176 Cal.App.2d 760, 766 [1 Cal.Rptr. 814].) █ The various declarations disclose that (1) respondent had appointed Otto H. Rosentreter

Co., one of the defendants herein, as its exclusive sales agent for its products in California, with express power and obligation to promote the sale of respondent's products by calling on all prospects at least once in every six months, to solicit orders for equipment and for repair parts, subject to the right of respondent to accept or reject such orders, to keep respondent accurately informed of developments in the territory and to report fully on its activities to respondent; (2) such representative had solicited the employer herein involved over a period of years, resulting ultimately in enough interest to justify the representative in asking respondent to submit to the employer a formal proposal for the equipment herein involved; (3) pursuant to such request, respondent had designed the equipment, offered to sell it to the employer, and ultimately shipped it to such buyer and billed it for the purchase price; (4) respondent's sales in California had aggregated between $50,000 and $100,000 a year; (5) the principal executive officers of respondent came to California to consult with its sales representatives on numerous occasions, and the representative and its employees went regularly to Chicago for sales and instructional meetings called by respondent.

These contacts bear a striking similarity to those held to be sufficient to sustain service of process in *Cosper* v. *Smith & Wesson Arms Co., supra,* 53 Cal.2d 77, and are far more than were held sufficient in other recent cases on this point. (See: *Empire Steel Corp.* v. *Superior Court* (1961) 56 Cal.2d 823 [17 Cal.Rptr. 150, 366 P.2d 502]; *American Continental Import Agency* v. *Superior Court* (1963) 216 Cal.App.2d 317 [30 Cal.Rptr. 654]; *James R. Twiss, Ltd.* v. *Superior Court* (1963) 215 Cal.App.2d 247 [30 Cal.Rptr. 98]; *Waco-Porter Corp.* v. *Superior Court* (1963) 211 Cal.App.2d 559 [27 Cal. Rptr. 371]; *Regie Nationale Des Usines Renault* v. *Superior Court* (1962) 208 Cal.App.2d 702 [25 Cal.Rptr. 530]; *Thomas* v. *J. C. Penney Co.* (1960) 186 Cal.App.2d 223 [8 Cal. Rptr. 721]; *Emsco Pavement etc. Corp.* v. *City of Los Angeles, supra* (1959) 176 Cal.App.2d 760.)

The present action resulted from a contact between respondent and its representative with a resident of California; the cause of action arose here; other necessary parties are residents of California and not subject to service elsewhere; many witnesses are in California. These facts clearly meet the requirement of fair play and justice which the cases above cited demand.

II

■ The process in this case was served on the California representative of respondent, purportedly pursuant to the provisions in subdivision (a) of section 6500 of the Corporations Code, authorizing service on a foreign corporation to be made upon "a general manager in this State." In *Cosper* v. *Smith & Wesson Arms Co., supra,* 53 Cal.2d 77, service had been made on a similar sales representative who, unlike the Rosentreter organization here, was not even an exclusive agent. The court said (at p. 83) : "In this regard, it has been said that 'every object of the service is obtained when the agent served is of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made,' and by service on such an agent, 'the requirement of the statute is answered.' " The court in *Cosper* concluded (at page 84) that the arrangement between the defendant there and its representative gave the defendant "substantially the business advantages that it would have enjoyed 'if it conducted its business through its own offices or paid agents in the state' [citation] ; and such arrangement was sufficient to constitute [the representative] 'the general manager in this State' for purposes of service of process. . . ." A similar statement can be made in the present case.

The order appealed from is reversed.

Burke, P. J., and Jefferson, J., concurred.