Anton WENZOSKI, Ethel Wenzoski, and Leopold Urban, for themselves and for all other persons similarly situated, as a class, Plaintiffs,

v.

CITICORP, a corporation; First National City Bank of The Bahamas, a corporation; First National City Bank of Zurich, a corporation; Mercantile Bank, a corporation; First National City Bank, a corporation; First National City Bank International, a corporation; Ralph C. Harpham; Pierre Stonborough; Joseph Wright; Kenneth Thompson; Edgar Giger; Max A. Fischer; John Doe 61 to 75; White and White Partnership 21 to 25; Black Corporation 21 to 35, Defendants.

No. C–79–0473 SW.

United States District Court, N. D. California.

Sept. 5, 1979.

Thomas H. Carver and Garrison, Townsend & Hall, San Francisco, Cal., for plaintiffs Anton Wenzoski et al.

Richard A. Kramer, Stephen S. Mayne, Stephen A. Cowan, Dinkelspiel, Pelavin, Steefel & Levitt, San Francisco, Cal., for defendants sued herein as Citicorp, First National City Bank of The Bahamas, First National City Bank of Zurich and First National City Bank International.

MEMORANDUM OPINION AND ORDER

SPENCER WILLIAMS, District Judge.

On March 13, 1979, defendants sued herein as Citicorp, First National City Bank of The Bahamas, First National City Bank of Zurich and First National City Bank International filed a motion to quash service and dismiss this action, and noticed the motion for hearing on April 6, 1979. No opposition papers were filed on behalf of plaintiffs prior to the hearing. At the time of the hearing, counsel for plaintiffs appeared in order to oppose the defendants' motion and to bring on a motion for a remand. Plaintiffs' attorney also sought at that time to place before the court written opposition to defendants' motion.

The court was, and is, dismayed at plaintiffs' counsel's disregard both for the Local Rules of this district and for common sense notions of fair advance notice. Nevertheless, because of the magnitude of the sums at issue in this case and the procedural and substantive complexities which have characterized the entire family of lawsuits to which this case belongs, the court decided to hear the remand motion on shortened notice that morning (April 6, 1979) and to take defendants' motion under submission for the purpose of considering plaintiffs' written materials.

Ruling from the bench, the court denied plaintiffs' motion for a remand. The reasons for this ruling are set forth in Section I below, and an order embodying this ruling appears in Section III.

Post-hearing briefs on defendants' motion to quash and dismiss were received from plaintiffs on June 1, 1979, and from defendants on June 11, 1979. The court has now completed its consideration of the papers on file in this case, its review of the oral arguments of counsel, and its independent study of the relevant legal authorities. The issues raised by defendants' motion are discussed in Section II below, and orders granting the motion are set forth in Section III.

## I.

## MOTION FOR REMAND

■ Plaintiffs argued in their papers and in open court that removal was not proper in this case because less than all of the named defendants joined in the removal petition. The court has found, however, that the defendant sued herein as First National City Bank International is a corporation organized under the laws of the United States. The claims plaintiffs assert in this action allegedly arise out of transactions involving international or foreign banking or out of other international or foreign financial operations. Pursuant to 12 U.S.C. § 632, when such claims are made in a suit to which a corporation organized under the laws of the United States is a party, they are deemed to arise under the laws of the United States and to fall within the original jurisdiction of the federal district courts. In addition, § 632 provides that *"any defendant* in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court . . . " (emphasis added). *Cf.* 28 U.S.C. § 1441(a) (*"Except* as otherwise expressly provided by Act of Congress," cases within the original jurisdiction of the federal district courts "may be removed by *the* defendant or *the* defendants" (emphasis added)). Thus, although unanimity among defendants is ordinarily required when removal is pursuant to 28 U.S.C. § 1441(a), since removal in this case was pursuant to 12 U.S.C. § 632 unanimous joinder in the removal petition was not necessary.

Nevertheless, plaintiffs have argued that if First National City Bank International were dismissed the grounds for removal under 12 U.S.C. § 632 would vanish and a remand would be required. There is no basis in the language of § 632 itself to support the interpretation urged by plaintiffs, and it is contrary to the law governing most removal proceedings in that removal jurisdiction is founded on the complaint as originally filed and is not affected by dismissals or amendments following removal. At most, remand following dismissal of this

one defendant might be permissible under § 1441(c). The court does not find it necessary to rule on the possible applicability of § 1441(c) because, even if such a remand were available when removal has been according to 12 U.S.C. § 632, the court would deny the remand motion in this case pursuant to its § 1441(c) discretion. This case has been on file in the courts, both state and federal, long enough without receiving a definitive ruling, and a remand would only prolong matters.

Because this case is properly removable under 12 U.S.C. § 632, the court need not consider defendants' alternative grounds for removal or the arguments plaintiffs make respecting those grounds.

## II.

### MOTION TO QUASH AND DISMISS

Although defendants have moved to quash service of process, they have also attacked this action on a number of procedural and substantive grounds. As appears more fully below, defendants' effort to have service quashed relates to their motion for dismissal under Cal.Civ.Pro.Code § 581a. Thus, even if service is quashed, the court concludes that their appearance has been in the nature of a general appearance, and the court will discuss the merits of defendants' other grounds for dismissal as alternative bases for the orders set forth in Section III.

### A. *Ineffectiveness of Service*

 None of the moving defendants has been properly served with process in this action.

Between February 7 and 9, 1979, service was attempted in San Francisco on each of the moving defendants. The attempted service on First National City Bank International on February 7th was defective because the person with whom process was left was neither a person designated as an agent for receiving service of process, nor a person authorized by the corporation to receive service of process, nor a general manager or other officer subject to service of process on the corporation's behalf under California law. Cal.Civ.Pro.Code § 416.-10(a), (b). *See General Motors Corp. v. Superior Court*, 15 Cal.App.3d 81, 86, 93 Cal.Rptr. 148, 151 (1971) (defining "general manager" as "one who has general direction and control of the business of the corporation as distinguished from one who has the management only of a particular branch of the business").

The attempted service on First National City Bank of The Bahamas and First National City Bank of Zurich on February 8th was defective because: (1) the personal service was not made on a person authorized under Cal.Civ.Pro.Code § 416.10 to accept service on behalf of these two corporate defendants; (2) the subsequent mailings under Cal.Civ.Pro.Code § 415.20(a) were not sent to a natural person designated by § 416.10; and (3) service on an officer of Citicorp (USA), Inc., followed by mailing process to the San Francisco office of Citicorp (USA) is not adequate service on either First National City Bank of The Bahamas or First National City Bank of Zurich where plaintiffs have failed to demonstrate existence of any of the special circumstances (such as an agency relationship) permitting service to be made on an affiliate.

Finally, the service attempted February 9th on Citicorp, which consisted of serving the President of Citicorp Securities Company, Inc., followed by service on Citicorp Securities Company's designated agent for service, was defective because existence of the requisite circumstances has not been established to permit service on Citicorp to be effected by serving its subsidiary.

In addition to the San Francisco attempts, on February 8 or 9, 1979,[1] plaintiffs

---

1. The exact date is uncertain. No affidavits attest to the dates of these mailings. Proofs of service for similar mailings made from Los Angeles by the same process server to five other defendants each show February 9, 1979 as the mailing date. In addition, the process server's declaration on each of the nine proofs of service is dated February 9, 1979. However, the mailing date on each of the proofs of service for the four moving defendants has been altered from "February 9, 1979" to read "February 8, 1979." No explanation of the need for

mailed process from Los Angeles to each of the moving defendants addressed to out-of-state offices. These mailings, however, were not addressed to a natural person, and thus failed to satisfy Cal.Civ.Pro.Code § 416.10 and § 415.40.

Therefore, each of the purported services of process on these moving defendants should be quashed under Fed.R.Civ.P. 12(b)(5).

## B. *Failure to Comply with Cal.Civ.Pro. Code 581a*

 Cal.Civ.Pro.Code § 581a provides for mandatory dismissal of an action on the motion of a party or on the court's own motion "unless the summons on the complaint is served and return made within three years after the commencement of said action." Plaintiffs have not disputed the applicability of § 581a to this case in spite of its removal. Removal jurisdiction is derivative, and if the state court had no jurisdiction at the time of removal because of failure to meet state time limits, neither does the federal court to which the action is removed. *See Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 168 (3d Cir. 1976). The court finds that no proof of effective service of process as to any defendant had been filed in this action within three years of the filing of the complaint, and therefore the action should be dismissed as to certain defendants under Cal. Civ.Pro.Code § 581a and Fed.R.Civ.P. 12(b)(6).

The complaint was filed February 9, 1976. No service has ever been attempted on two defendants, Max A. Fischer and Edgar Giger, who were severed by the state court because they apparently are not amenable to service at this time. Plaintiffs have not explained their failure to attempt service on a third defendant, First National Citibank.

Service has been attempted on nine defendants. Proofs of the service attempted in San Francisco on the four moving defendants between February 7 and 9, 1979 were filed on February 9 and 14, 1979. As discussed above, however, these purported services were ineffective.[2]

The only other proofs of service on the record pertain to the mailings made in February[3] addressed to nine of the twelve defendants, including all four of the moving defendants. As also discussed above, these services were defective as to the moving defendants for failure to specify a natural person, and for the same reason the purported service by mail on defendant Mercantile Bank was ineffective. In any event, though, no return on any of these alleged services was ever filed with the court. Furthermore, by the express terms of Cal.Civ. Pro.Code § 415.40, which governs service by mail requiring a return receipt,[4] none of the services could have been deemed effective before ten days after the mailing, or February 18 or 19, 1979, which would have been more than three years from the date the complaint was filed.

Plaintiffs have argued that the operation of § 581a was tolled by certain orders and proceedings in other forums. However, none of the orders or proceedings in other courts which have been documented in the record of this case purport to restrain plaintiffs from serving defendants, and this argument must be rejected.

---

this change on the forms has been offered. These proofs apparently had never been filed with the state court prior to removal or with this court prior to being submitted as exhibits attached to an affidavit in support of plaintiffs' remand motion.

**2.** It should be noted that even if the services on First National City Bank of The Bahamas and First National City Bank of Zurich were not defective, they would not have been deemed complete until ten days after the mailings, or February 18, 1979. Cal.Civ.Pro.Code § 415.-20(a).

**3.** See Footnote 1 concerning the date of these mailings.

**4.** Defendants assert service could not have been effective because no acknowledgments were signed or returned. *See* Cal.Civ.Pro.Code § 415.30(c). However, the attempted service was made by mail requiring a return receipt, and therefore was pursuant to Cal.Civ.Pro. Code § 415.40, which does not require acknowledgments.

Plaintiffs also argue that § 581a is inoperable during periods in which defendants are not amenable to service. *See* Cal.Civ. Pro.Code § 581a(d). Yet, except for Fischer and Giger, plaintiffs have presented no evidence indicating that any of the defendants were not amenable to service during any time after the complaint was filed, or justifying their apparent belief that defendants (except for Fischer and Giger) have now become amenable to service. Therefore, the court is unable to find that the three-year period of § 581a was tolled as to any defendants except Fischer and Giger.

■ Finally, one exception to the mandatory dismissal provision of § 581a is when the defendant "has made a general appearance in the action." In order to avoid mandatory dismissal, though, the general appearance must be made within the three-year period. *Ostrus v. Price*, 82 Cal.App.3d 518, 525, 146 Cal.Rptr. 922, 926 (1978). Defendants made no general appearance in this case until after the three-year period had expired, and their right to a dismissal, as well as this court's duty to dismiss, remain unimpaired by their appearance on this motion.

Therefore, the court finds that this action should be dismissed under Cal.Civ.Pro.Code § 581a and Rule 12(b)(6) as to all defendants except Fischer and Giger.

## C. *Lack of Prosecution*

■ Plaintiffs have unreasonably delayed in the filing and prosecution of this action, which has resulted in prejudice to all defendants. The complaint was filed two and one-half years after the judgment was rendered in *Wenzoski v. Pollock*, Case No. 62826, Superior Court of California, Marin County, and six to eight years after the events upon which that judgment and this lawsuit are based. Moreover, three years were allowed to elapse after filing suit before any service on any defendants was even attempted.[5] Yet, as noted above, plaintiffs were not prevented by any stay orders issued by other courts, or by any

considerations of comity, from pursuing this action. In fact, plaintiffs' failure to prosecute this action diligently has been carried over to proceedings before this court, where plaintiffs failed to file any papers on these motions until the very morning of the regularly scheduled hearing.

Therefore, this action should be dismissed in its entirety and as to all defendants under .Fed.R.Civ.P. 41(b).

## D. *Statute of Limitations*

■ By no later than March 10, 1972, plaintiffs knew or had reason to know of the claims set forth in this action, and since this action was not filed until February 9, 1976, it is barred by the applicable three-year statute of limitations, Cal.Civ.Pro.Code § 338(4).

In the complaint plaintiffs filed against Robert Pollock in Marin County Superior Court on March 10, 1972, they alleged certain banks were involved in the claimed fraud. It should be clear that at least from that date forward plaintiffs had "notice of circumstances sufficient to make a reasonably prudent person suspicious of fraud, thus putting him on inquiry." *Schaefer v. Berinstein*, 140 Cal.App.2d 278, 294–95, 295 P.2d 113, 124 (1956), *quoted in Briskin v. Ernst & Ernst*, 589 F.2d 1363, 1367 (9th Cir. 1978). Plaintiffs have failed to come forward with any evidence showing they had insufficient knowledge of the alleged fraud to start the limitations period running on or before March 10, 1972, although "[w]hen the matter is raised on a motion for summary judgment, the plaintiff must disclose his or her evidence on the [time and circumstances of the discovery of the fraud] in order to show that there is a genuine issue of fact to be tried." *Briskin*, 589 F.2d at 1367 n.3.

Plaintiffs have also argued that the statute was tolled by proceedings and orders in other courts, and because some or all of the defendants were out of state. None of the proceedings in other forums which have

---

5. It should be noted that defendants Fischer and Giger were not ordered severed until February 2, 1979, almost three years after the suit was filed.

been brought to the attention of this court would have prevented discovery of the identity of defendants herein or prosecution of plaintiffs' claims against them. Plaintiffs' contentions that these defendants were absent from the state, thereby justifying application of the tolling provisions of Cal.Civ. Pro.Code § 351, has not been supported by any evidence whatsoever, nor have plaintiffs explained what has changed about defendants to make them amenable to service at this time.

Therefore, summary judgment in favor of the moving defendants is warranted because the limitations period had expired when this action was filed.[6]

### E. *Failure to State a Claim Under 18 U.S.C. § 1341*

■ The Second Cause of Action in plaintiffs' complaint does not state a claim upon which relief can be granted. In their Second Cause of Action, plaintiffs allege defendants used the mails and interstate commerce to aid and abet Robert Pollock in defrauding plaintiffs, all in violation of 18 U.S.C. § 1341. Section 1341, however, is a criminal statute, and "prosecution of these criminal offenses has been entrusted solely to the federal government." *Milburn v. Blackfrica Promotions*, 392 F.Supp. 434, 435 (S.D.N.Y.1974). To the extent that the Second Cause of Action purports to assert a right to recovery under 18 U.S.C. § 1341, it must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).[7]

### F. *Violation of Fed.R.Civ.P. 8(a)(2)*

■ The Fourth Cause of Action is in violation of Fed.R.Civ.P. 8(a)(2). This cause of action is a two-paragraph catch-all which alleges violations of "the Regulations of the Superintendent of Banks of the State of California, and the Regulations of the Comptroller of the Currency of the United States of America; and similar statutes, laws and regulations issued by the banking authorities of the Bahamas, Switzerland, and Canada . . . ." None of the allegedly violated state, federal and foreign regulations and laws are specified, nor has a private right of action for such violations been alleged or shown to exist. There is no way, from the sparse allegations of this cause of action, to determine if such a private right of action does exist, nor is it even possible to determine what activities on the part of defendants are alleged to be in violation of the laws of one or more of the relevant authorities.

Rule 8(a)(2) requires that "a short and plain statement of the claim showing that the pleader is entitled to relief" be included in the complaint. Rule 8(a)(2) does not require much, but it does require fair notice. Plaintiffs' Fourth Cause of Action is so obviously deficient, and plaintiffs have had so many years to correct its patent flaws, that dismissal for failure to comply with Rule 8(a)(2) without leave to amend is appropriate.

### G. *Violation of Fed.R.Civ.P. 9(b)*

■ Plaintiffs have failed to make a statement of their fraud claims which is sufficiently definite to satisfy Fed.R.Civ.P. 9(b). Rather than alleging when, where, and by whom the fraud was perpetrated, plaintiffs very briefly state that defendants aided and abetted Robert Pollock by accepting money from him and by concealing from plaintiffs the true facts of Pollock's scheme. Unlike plaintiffs' Fourth Cause of Action, however, the pleading deficiencies with respect to the particularities of the alleged fraud are not so flagrant that dismissal without leave to amend would be warranted. Instead, if this action had sur-

---

**6.** Summary judgment under Rule 56, and not dismissal for failure to state a claim under Rule 12(b)(6), is appropriate here because matters outside the pleadings were presented to and not excluded by the court. Fed.R.Civ.P. 12(b).

**7.** The allegations of facts contained in the Second Cause of Action, including the alleged

violation of the federal criminal statute, are not subject to dismissal on this motion, and if the complaint had survived in other respects the factual allegations of the Second Cause of Action would have continued to be part of the case.

vived in other respects, plaintiffs would have been required to file a more definite statement of the fraud claims in order to satisfy Rule 9(b).

### III.

### ORDER

IT IS HEREBY ORDERED that plaintiffs' motion for a remand is denied.

IT IS FURTHER ORDERED that each of the purported services of process upon defendants sued herein as Citicorp, First National Bank of The Bahamas, First National City Bank of Zurich, and First National City Bank International be, and the same hereby are, quashed.

IT IS FURTHER ORDERED that summary judgment is granted in favor of the moving defendants and against plaintiffs.

IT IS FURTHER ORDERED that this entire action is dismissed as to all defendants, with prejudice.