**Terry GRAY**

v.

**MAZDA MOTOR OF AMERICA, INC., et al.**

**Case No. SACV 08–279 JVS (ANx).**

United States District Court, C.D. California.

June 2, 2008.

Martin W. Anderson, Anderson Law Firm, Santa Ana, CA, for Plaintiff.

Stephen Faulk, Mike Madokoro, Bowman and Brooke LLP, Gardena, CA, for Defendants.

**Proceedings:** *Defendant's Motion to Dismiss (Fld 5–5–08)*

JAMES V. SELNA, District Judge.

Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court DENIES the defendant's motion and rules in accordance with the tentative ruling as follows:

Defendant Mazda Motor Corporation ("Mazda–Japan") requests the Court to dismiss it from this action for insufficient service of process, pursuant to Federal Rule of Civil Procedure 12(b)(5). Plaintiff Terry Gray ("Gray") opposes the motion.

I. *Legal Standard*

Under Federal Rules of Civil Procedure 12(b)(5), a Court may dismiss a complaint where there is an insufficiency of process or service of process. Federal Rule 4 governs the manner in which process must be served.

A foreign corporation, such as Mazda–Japan, must be served "in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(h)(1). Rule 4(e)(1) provides that process may be served in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed.R.Civ.P. 4(e)(1).

If the foreign corporation is served outside of the United States, it must be served in accordance with Rule 4(f) for service on an individual in a foreign country, except that it may not be personally served. Fed.R.Civ.P. 4(h)(2). Rule 4(f), in turn, requires that service in a foreign country comport with "internationally agreed means of service," including those authorized by the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("the Hague Convention"). Fed.R.Civ.P. 4(f)(1). California law also requires service abroad to be effectuated

in accordance with the Hague Convention. Cal.Code of Civ. P. § 413.10.

## II. *Discussion*

Mazda–Japan contends that 1) since it is a foreign corporation, process must be served on it pursuant to the terms of the Hague Convention, and 2) even if the Hague Convention does not apply, Gray's service of process on it was ineffective under California law. (Opening Br. pp. 5, 9–10.)

### A. *Hague Convention*

■ The Hague Convention applies only "[i]f the internal law of the forum state [i.e. California] defines the applicable method of serving process as requiring the transmittal of documents abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 700, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). Similarly, California law only requires service of process to comport with the terms of the Hague Convention if process is served "outside the United States." Cal.Code Civ. Proc. § 413.10(c).

The California Code of Civil Procedure provides that process may be served on a corporation "by delivering a copy of the summons and the complaint ... [t]o ... a general manager, or person authorized by the corporation to receive service of process." Cal.Code Civ. Proc. § 416.10(b).

Gray served Barbara Tang, the registered agent for service of process for Mazda Motor of America, Inc. ("Mazda–America"), at the address designated for service, *viz.* 7755 Irvine Center Drive, Irvine, California. (Opposition Br. p. 8, Ex. 1.) Gray contends that Mazda–America is a "general manager" for Mazda–Japan for purposes of the California service of process statutes, and thus, that Mazda–Japan can be served within the state, so that such service is not subject to the requirements of the Hague Convention. (*Id.* pp. 2–3.)

■ A "general manager," under the California statute has been interpreted to "include [ ] any agent of the corporation 'of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made.'" *Gibble v. Car–Lene Research, Inc.,* 67 Cal.App.4th 295, 78 Cal.Rptr.2d 892 (Cal.Ct.App.1998) (quoting *Eclipse Fuel Engineering Co. v. Superior Court,* 148 Cal.App.2d 736, 745–46, 307 P.2d 739 (1957)).

■ Contrary to Mazda–Japan's assertion, a general manager need not be an individual. (Reply Br. p. 7.) While Mazda–Japan correctly notes that the language of the Judicial Council Comment to section 416.10 discusses service on a corporation by way of serving an "individual as its representative," the case law clearly allows for an organization to function as a general manager for service of process purposes. Cal.Code Civ. Proc. § 416.10, Judicial Council Comment.

For instance, a California corporation was held to be the general manager of two New York companies where the California corporation was affiliated with the New York companies and was "the intended outlet for [their] product." *Overland Machined Products, Inc. v. Swingline, Inc.,* 224 Cal.App.2d 46, 47–48, 36 Cal.Rptr. 330 (Cal.Ct.App.1964). The California corporation satisfied the requirements to be considered a "general manager," since "[w]hile the president of the California corporation ... was not an officer, agent or employee of those firms, his position ... was such as to most likely insure notice to the New York firms of any notice or process served upon him affecting their interests." *Id.* at 48, 36 Cal.Rptr. 330.

Similarly, a California company that was the "exclusive sales agent" in California for an Illinois corporation was held to be a general manager, such that service of process on it effected service on the Illinois

corporation. *Sims v. Nat'l Engineering Co.*, 221 Cal.App.2d 511, 513–14, 34 Cal. Rptr. 537 (Cal.Ct.App.1963). Since the defendant's relationship with the California entity "gave the defendant 'substantially the business advantages that it would have enjoyed if it conducted its business through its own offices or paid agents in the state,' " that relationship was sufficient to render the California entity a general manager for service of process. *Id.* at 515, 34 Cal.Rptr. 537 (quoting *Cosper v. Smith & Wesson Arms Co.*, 53 Cal.2d 77, 84, 346 P.2d 409 (1959)); *see also Eclipse Fuel Engineering Co.*, 148 Cal.App.2d at 745–46, 307 P.2d 739 (holding that a firm that was the "exclusive sales representative" in the state was the general manager for an out-of-state corporation).

■ Here, it is undisputed that Mazda–America is "the distributor of Mazda motor vehicles in North America." (Brown Decl. ¶ 2; Tang Decl. ¶ 2.) Gray notes that both Mazda–Japan and Mazda–America warrant Mazda vehicles. (Anderson Decl. Ex. 2 pp. 2, 4, 6.) It appears that here, as in Sims, Mazda–Japan's relationship with Mazda–America gives it "substantially the business advantages that it would have enjoyed if it conducted business" in the state itself. *Sims,* 221 Cal.App.2d at 515, 34 Cal.Rptr. 537. Moreover, Mazda–Japan was, evidently, put on notice of this action as a result of the service of process on Mazda–America. *See, Overland Machined Products, Inc.,* 224 Cal.App.2d at 48, 36 Cal.Rptr. 330; (Takahashi ¶¶ 1, 4–6, 10).

Mazda–Japan insists that Mazda–America is not its "general manager." It notes that service on a subsidiary does not affect service on a parent. (Reply Br. p. 6, citing *Graval v. P.T. Bakrie & Brothers,* 986 F.Supp. 1326, 1330 (C.D.Cal.1996).) While true, this observation is irrelevant, since Gray has affected service on Mazda–Japan by way of Mazda–America based on Maz-

da–America's status as its general manager, not as its subsidiary.

Mazda–Japan would distinguish the cases discussed above, including Sims, *Overland Machined Products, Inc.,* and *Eclipse Fuel Engineering Co.* on the grounds that they do not involve corporations from outside the United States. This is a distinction without a difference, however, since Mazda–Japan provides no reason to distinguish between foreign corporations that are incorporated outside the United States and those incorporated within the United States but outside California for the purpose of service of process on such corporations within the state of California. (Reply Br. p. 8.)

Accordingly, the Court finds that Mazda–America is a "general manager" for Mazda–Japan within the meaning of section 416.10 of the California Code of Civil Procedure, so that Gray could serve Mazda–Japan consistent with California law by serving Mazda–America within the state.

■ Since Gray served Mazda–Japan under California law in a manner which did not require the "transmittal of documents abroad," the Hague Convention does not apply in this instance. *Volkswagenwerk Aktiengesellschaft,* 486 U.S. at 700, 108 S.Ct. 2104.

**B.** *Service under California Law*

■ Mazda–Japan contends that Gray's service did not comply with the terms of California law for service within the state. (Opening Br. pp. 9–10.)

As noted above, California law provides that a corporation may be personally served by service on its general manager. Cal.Code Civ. Proc. § 416.10.

The California Code of Civil Procedure also provides for substitute service, as follows:

"[i]n lieu of personal delivery of a copy of the summons and complaint to the

person to be served as specified in Section 416.10 ... a summons may be served [1] by leaving a copy of the summons and complaint during usual office hours in his or her office ... with the person who is apparently in charge thereof, and [2] by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."

Cal.Code Civ. Proc. § 415.20.

Mazda–Japan claims that Barbara Tang did not receive a copy of the summons and complaint by mail, and concludes that Gray failed to mail the documents as required by statute. (Tang Decl. ¶ 6; Opening Br. p. 10; Reply Br. p. 9.) However, the proofs of service attached to Mazda–Japan's papers evidence that the documents were left at Ms. Tang's office on March 31, 2008 and mailed to that address on April 4, 2008. (Takahashi Decl. Ex. F.) Gray mailed a second copy of the summons and complaint on May 9, .2008, evidently after learning from Mazda–Japan that Ms. Tang never received the copy mailed on April 4, 2008. (*Id.* Ex. G; Anderson Decl. ¶ 5, Ex. 3.)

The Court finds no reason to doubt that Gray mailed the summons and complaint within the ten days allowed under the statute. Moreover, Ms. Tang is now undisputedly in possession of the documents.

Accordingly, the Court finds that Gray complied with the requirements to effect service of process under the applicable California statutes.

III. *Conclusion*

For the foregoing reasons, the Court denies Mazda–Japan's motion to dismiss for insufficient service of process.