Zarui KHACHATRYAN, et al.

v.

TOYOTA MOTOR SALES, U.S.A., Inc., et al.

No. CV08–00663–JVS(RNBX).

United States District Court, C.D. California.

Sept. 22, 2008.

Lucy Kasparian, Glendale, CA, Martin W. Anderson, Anderson Law Firm, Santa Ana, CA, for Zarui Khachatryan, et al.

John W. Myers, IV, Demler Armstrong & Rowland, Long Beach, CA, for Toyota Motor Sales, U.S.A., Inc., et al.

**Proceedings:** (In Chambers) Order Denying Toyota Motor Corp.'s Motion to Dismiss (fld 7–24–08)

JAMES V. SELNA, District Judge.

Defendant Toyota Motor Corporation ("Toyota Japan") moves to dismiss the Complaint for insufficient service of process, pursuant to Federal Rule of Civil Procedure 12(b)(5). Plaintiff Zarui Khachatryan ("Khachatryan") opposes the motion.

## I. *Legal Standard*

Under Federal Rules of Civil Procedure 12(b)(5), a Court may dismiss a complaint where there is an insufficiency of process or service of process. Federal Rule 4 governs the manner in which process must be served.

A foreign corporation, such as Toyota Japan, must be served "in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(h)(1). Rule 4(e)(1) provides that process may be served in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed.R.Civ.P. 4(e)(1).

## II. *Discussion*

Toyota Japan contends that Khachatryan's service of process on it was ineffective under California law, and therefore that Khachatryan must serve it in Japan pursuant to the terms of the Hague Convention. (Opening Br. pp. 4–6, 9.)

### A. *Service on a General Manager*

The California Code of Civil Procedure provides that process may be served on a corporation "by delivering a copy of the summons and the complaint ... [t]o ... a general manager, or person authorized by the corporation to receive service of process." Cal.Code Civ. Proc. § 416.10(b).

Khachatryan served Yukitoshi Funo, the chairman of Toyota Motor Sales, U.S.A., Inc. ("Toyota America"), at Toyota America's address: 19001 S. Western Avenue, Torrance, California 09501. (Opening Br. Ex. A; Farrell Decl. ¶¶ 1, 7.) Khachatryan contends that Toyota America is a "general manager" for Toyota Japan for purposes of the California service of process statutes, and thus, that Toyota Japan can be, and was, properly served within the state by substitute service. (Opposition Br., *e.g.*, pp. 2–3.)

■ A "general manager" under the California statute has been interpreted to "include[ ] any agent of the corporation 'of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made.' " *Gibble v. Car–Lene Research, Inc.*, 67 Cal.App.4th 295, 78 Cal.Rptr.2d 892 (1998) (quoting *Eclipse Fuel Engineering Co. v. Superior Court*, 148 Cal.App.2d 736, 745–46, 307 P.2d 739 (1957)).

■ Contrary to Toyota Japan's assertions, a general manager need not be an individual. (Opening Br. pp. 5, 8; Amended Reply Br. pp. 3–5.) The case law clearly allows for an organization to function as a general manager for service of process purposes. For instance, a California corporation was held to be the general manager of two New York companies where the California corporation was affiliated with the New York companies and was "the intended outlet for [their] product." *Overland Machined Products, Inc. v. Swingline, Inc.*, 224 Cal.App.2d 46, 47–48, 36 Cal.Rptr. 330 (1964). The California

corporation satisfied the requirements to be considered a "general manager," since "[w]hile the president of the California corporation ... was not an officer, agent or employee of those firms, his position ... was such as to most likely insure notice to the New York firms of any notice or process served upon him affecting their interests." *Id.* at 48, 36 Cal.Rptr. 330.

Similarly, a California company that was the "exclusive sales agent" in California for an Illinois corporation was held to be a general manager, such that service of process on it effected service on the Illinois corporation. *Sims v. Nat'l Engineering Co.*, 221 Cal.App.2d 511, 513–14, 34 Cal. Rptr. 537 (1963). Since the defendant's relationship with the California entity "gave the defendant 'substantially the business advantages that it would have enjoyed if it conducted its business through its own offices or paid agents in the state,'" that relationship was sufficient to render the California entity a general manager for service of process. *Id.* at 515, 34 Cal.Rptr. 537 (quoting *Cosper v. Smith & Wesson Arms Co.*, 53 Cal.2d 77, 84, 346 P.2d 409 (1959)); *see also Eclipse Fuel Engineering Co.*, 148 Cal.App.2d at 745–46, 307 P.2d 739 (holding that a firm that was the "exclusive sales representative" in the state was the general manager for an out-of-state corporation).

■ Here, it is undisputed that Toyota America is "the distributor of some Toyota vehicles, in certain geographic areas of the United States including ... California." (Farrell Decl. ¶ 2; Anderson Decl. ¶ 3.) Khachatryan notes that Toyota America "publishes and distributes marketing materials for Toyota vehicles ... which contain Toyota [Japan's] logo, trademarks, and tradename." (Anderson Decl. ¶ 4.) It appears that here, as in *Sims*, Toyota Japan's relationship with Toyota America gives it "substantially the business advantages that it would have enjoyed if it conducted business" in the state itself. *Sims*, 221 Cal.App.2d at 515, 34 Cal.Rptr. 537.

Moreover, Toyota Japan was apparently put on notice of this action as a result of the service of process on Toyota America. *See, Overland Machined Products, Inc.*, 224 Cal.App.2d at 48, 36 Cal.Rptr. 330.

Toyota Japan insists that Toyota America is not its "general manager." (Opening Br. pp. 5–6; Farrell Decl. ¶ 6.) It notes that service on a subsidiary does not affect service on a parent. (Opening Br. p. 8, citing *Gravely Motor Plow & Cultivator Co. v. H.V. Carter Co., Inc.*, 193 F.2d 158, 161 (9th Cir.1951).) While true, this observation is irrelevant, since Khachatryan has affected service on Toyota Japan by way of Toyota America based on Toyota America's status as its general manager, not as its subsidiary.[1]

Accordingly, the Court finds that Toyota America is a "general manager" for Toyota Japan within the meaning of section 416.10 of the California Code of Civil Procedure, so that Khachatryan's service on Toyota Japan by serving Toyota America was consistent with California law.

B. *Substitute Service under California Law*

Toyota Japan contends that Khachatryan's service did not comply with the terms of California law for substitute service, since Khachatryan did not leave a copy of the summons and complaint at Toyota Japan's address in Japan.[2] (Opening Br. pp. 6–7.)

---

**1.** By way of hypothetical, assume that Toyota had a subsidiary in California whose exclusive business was importing koi fish. That subsidiary could hardly be considered the general manager of Toyota's American automotive activities.

**2.** This argument is curious since, if Khachatryan were to cure this alleged defect y at-

As noted above, California law provides that a corporation may be personally served by service on its general manager. Cal.Code Civ. Proc. § 416.10. The California Code of Civil Procedure also provides for substitute service, as follows:

"[i]n lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10 ... a summons may be served [1] by leaving a copy of the summons and complaint during usual office hours in his or her office ... with the person who is apparently in charge thereof, and [2] by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."

Cal.Code Civ. Proc. § 415.20.

Khachatryan's proof of service indicates that she served Toyota Japan by substituted service, by leaving copies of the summons and complaint at the offices of Toyota America as general manager for Toyota Japan on Tuesday, June 24, 2008 at 11:13 a.m. and by mailing copies to the same address on the same day. (Opening Br. Ex. A.)

■ Toyota Japan contends that "the 'general manager' method of service is a manner of *personal* service, not substitute service," so that Khachatryan cannot serve Toyota Japan's general manager by substitute service. (Opening Br. p. 7.) This argument lacks merit. Nothing in the Civil Procedure Code describing substitute service exempts general managers from its applications. Cal.Code Civ. Proc. § 415.20. To the contrary, that section specifically provides that persons specified by section 416. 10, *e.g.*, general managers, can be served by the substitute service proce-

dures outlined in section 415.20. *See, id.* §§ 415.20, 416.10.

Accordingly, the Court finds that Khachatryan has complied with the requirements to effect service of process under the applicable California statutes.

### C. *The Hague Convention*

■ The Hague Convention applies only "[i]f the internal law of the forum state [i.e. California] defines the applicable method of serving process as requiring the transmittal of documents abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 700, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). Similarly, California law only requires service of process to comport with the terms of the Hague Convention if process is served "outside the United States." Cal.Code Civ. Proc. § 413.10(c).

■ Since Khachatryan served Toyota Japan under California law in a manner which did not require the "transmittal of documents abroad," the Hague Convention does not apply in this instance. *Volkswagenwerk Aktiengesellschaft,* 486 U.S. at 700, 108 S.Ct. 2104.

### III. *Conclusion*

For the foregoing reasons, the Court denies Toyota Japan's motion to dismiss for insufficient service of process.

---

tempting to serve Toyota Japan by substitute service in Japan, that service would be insuffi-

cient for failure to comply with the Hague Convention. *See* Part II.C, *infra.*