MEMORANDUM *
The district court determined that Plaintiff John Lee Miller properly served process on Defendant, The Public Warehousing Company, K.S.C., (PWC) through its U.S. subsidiary, Agility Logistics Corporation (Agility), as a “general manager” under California Code of Civil Procedure (CCCP) § 416.10(b). We have jurisdiction under 28 U.S.C. § 1292(b), and we remand for further development concerning the relationship between Agility and PWC.
The Federal Rules of Civil Procedure permit service upon a corporation within the United States as prescribed by the law of the forum state or the state in which service is made. Fed.R.Civ.P. 4(h)(1)(A) & 4(e)(1). California law, in turn, permits service upon a corporation by delivering a copy of the summons and the complaint to “a general manager” of the corporation. CCCP § 416.10(b). A related serviee-of-process statute, California Corporations Code (CCC) § 2110, permits service of process upon a foreign corporation transacting business in California by serving “its general manager in this state.” The term “general manager” is not defined in either statute.
In Cosper v. Smith & Wesson Arms Co., the California Supreme Court, interpreting a predecessor to CCC § 2110, held that the service-of-process statutes are satisfied if service is effected on an agent “of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made.” 53 Cal.2d 77, 346 P.2d 409, 413 (1959) (quoting Eclipse Fuel Eng’g Co. v. Super. Ct., 148 Cal.App.2d 736, 307 P.2d 739, 745 (1957)). The court further held that an agent meets that requirement if it provides the defendant with “the opportunity for regular contact with its customers and a channel for a continuous flow of business into the state,” id. at 414 (internal quotation marks omitted), and the defendant enjoys through the agent “substantially the business advantages that it would have enjoyed ‘if it conducted its business through its own offices or paid agents in the state.’” Id. (quoting Eclipse Fuel, 307 P.2d at 742).
The California lower courts’ decisions following Cosper have been less than perfectly consistent. One line of cases has *949 not permitted service on a parent through its subsidiary. See, e.g., Gen. Motors Corp. v. Super. Ct., 15 Cal.App.3d 81, 93 Cal.Rptr. 148 (1971). On the other hand, the most recent decision from the California Court of Appeal declares outright that “California law allows service on a foreign corporation by serving its domestic subsidiary.” Yamaha Motor Co., Ltd. v. Super. Ct., 174 Cal.App.4th 264, 94 Cal.Rptr.3d 494, 498 (2009) (capitalization altered); see also Gibble v. Car-Lene Research, Inc., 67 Cal.App.4th 295, 78 Cal.Rptr.2d 892 (1998); Sims v. Nat'l Eng’g Co., 221 Cal.App.2d 511, 34 Cal.Rptr. 537 (1963). The Yamaha court acknowledged the “anomaly” that an agent without “any real control over [its] principal ]” might be considered a “general manager” of that principal, but considered itself bound by Cosper and permitted service upon Yamaha-Japan through its American subsidiary. 94 Cal.Rptr.3d at 501-02.
Two features appear to distinguish the latter line of cases from the former.[1] First, where service was permitted, the parent corporation was foreign and otherwise not readily available for service within California. See Gen. Motors, 93 Cal.Rptr. at 151 (“In both Eclipse and Cosper the corporations involved ... had in effect attempted to maintain a rather low silhouette within the state by operating through subsidiaries and contract representatives.”); Yamaha, 94 Cal.Rptr.3d at 502. Second, service through a subsidiary as general manager requires a sufficiently close connection with the parent. This depends upon the frequency and quality of contact between the parent and the subsidiary, the benefits in California that the parent derives from the subsidiary, and the overall likelihood that service upon the subsidiary will provide actual notice to the parent. See Yamaha, 94 Cal.Rptr.3d at 501; Cosper, 346 P.2d at 414.
Here, the former requirement is met: PWC is a foreign corporation that is otherwise not readily available for service within California. But on the latter requirement, the record shows merely that PWC holds itself and its subsidiaries out as a single integrated global “Group,” and that the Group issues a single financial statement consolidating the finances of PWC and all its subsidiaries. On remand, the district court shall permit Miller to obtain and introduce evidence concerning the nature of the relationship between Agility and PWC — specifically, considering the factors articulated by Cosper, 346 P.2d at 414 — before determining whether service upon Agility was sufficient to effect service upon PWC. The district court may also consider whether service was adequate on other grounds. Each party shall bear its own costs on appeal.
VACATED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R, 36-3.

. The concurrence makes much of the distinction between CCC § 2110 and CCCP § 416.10. We are not persuaded, however, that the two District Court of Appeal cases cited by the concurrence provide a sound basis for reading "a general manager” in CCCP § 416,10 significantly more narrowly than how the California Supreme Court defined “general manager in this State” in Cos-per, 346 P.2d at 413-14.